ELLIOT B. TROW *vs.* SAMUEL P. LOVETT & another.

Worcester. Oct. 5, 1876. — June 28, 1877. COLT, MORTON & SOULE, JJ., absent.

A judgment creditor, who has not taken out execution on his judgment, does not, by filing, within four months next preceding the commencement of proceedings in bankruptcy by the debtor, a bill in equity, under the St. of 1875, c. 235, to apply to the payment of his debt land conveyed by the debtor with intent to defraud the plaintiff as his creditor, obtain a lien on the land as against the assignee in bankruptcy.

GRAY, C. J. This bill in equity is brought by Elliot B. Trow against Samuel P. Lovett and Scotto Berry, under the St. of 1875, c. 235, which confers upon this court jurisdiction in equity " to reach and apply, in payment of a debt, any property, right, title or interest, real or personal, of a debtor, liable to be attached or taken on execution in a suit at law against him, and fraudulently conveyed by him with intent to defeat, delay or defraud his creditors."

The plaintiff, in October, 1875, upon a former bill brought by him against Berry, obtained a decree for the payment of a sum of money and costs; and in his present bill alleges that, pending the former suit, Berry conveyed certain land owned by him, and liable to be attached or taken on execution in a suit at law against him, to Lovett, with intent to defraud the plaintiff as a creditor of Berry, (of all which Lovett had notice,) and prays that this land may be applied in payment of the plaintiff's debt against Berry. This bill was filed in February, 1876. In March, 1876, Berry, upon his own petition, was adjudged a bankrupt by the District Court of the United States, and assignees of his estate were appointed, who have intervened in defence of this suit. The question presented by the report is, whether the plaintiff's right to proceed with this bill is thereby terminated.

The learned counsel for the plaintiff contends that, by the filing of this bill, he obtained a lien upon the land described therein, which is not affected by the proceedings in bankruptcy. But the authorities upon which he relies do not appear to us to support his position.

In *Edgell* v. *Haywood*, 3 Atk. 352, 357, which was a bill in equity by a judgment creditor to obtain payment of his debt out

of a legacy due to the debtor, (the person, but not the property, of whom had been discharged by proceedings in insolvency,) the creditor, before bringing this bill, had sued out a *fieri facias* on his judgment against the goods and chattels of the debtor, and had demanded payment of the executor out of the legacy in his hands ; and Lord Hardwicke said : " The court does not proceed in this case on the ground of a specific lien, but only considers it as a part of the property of the debtor, which the creditor cannot come at without the aid of this court."

In the Court of Chancery of New York, it was held that a judgment creditor, who, after taking out execution at law, and having it served and returned unsatisfied, brought a bill in equity to reach property of the debtor which could not be levied on at law, thereby acquired a right in the nature of a lien in that property, which was valid as against subsequent proceedings in bankruptcy. *M'Dermutt* v. *Strong*, 4 Johns. Ch. 687. *Edmeston* v. *Lyde*, 1 Paige, 637. *Corning* v. *White*, 2 Paige, 567. *Storm* v. *Waddell*, 2 Sandf. Ch. 494. We need not consider how far that result (which is inconsistent with the opinion of Judge Ware in *Smith* v. *Gordon*, 6 Law Reporter, 313) could be maintained upon general principles, or depended upon local statutes, because in each of the New York cases an execution had been taken out and returned unsatisfied, which has not been done in this case.

In this Commonwealth, a judgment does not create a lien upon lands ; and the bankrupt act of the United States does not recognize a mere *lis pendens* as giving the plaintiff any peculiar rights in the property of the bankrupt. In order to create a lien in equity upon lands fraudulently conveyed, the creditor must have exhausted his legal remedies, and must at least have taken out execution on his judgment or decree. *Beck* v. *Burdett*, 1 Paige, 305. *Crippen* v. *Hudson*, 3 Kernan, 161. *Jones* v. *Green*, 1 Wall. 330. *Wiggin* v. *Heywood*, 118 Mass. 514. By our statutes, lands conveyed in fraud of creditors may be attached on mesne process and taken on execution at law, and before the passage of the St. of 1875 could not be reached in any other manner. Gen. Sts. *c.* 103, § 1; *c.* 123, §§ 32, 55. *Taylor* v. *Robinson*, 7 Allen, 253. *Mill River Association* v *Claflin*, 9 Allen, 101. In a suit under the St. of 1875, as in any

other suit in equity, an attachment might have been made. Gen. Sts. *c.* 113, § 3. But if made within four months next before the commencement of the proceedings in bankruptcy, it would have been dissolved. U. S. Rev. Sts. § 5044. To hold that the mere filing of this bill within that period, without making any attachment thereon, and without having taken out any execution on the former decree, created a lien upon the land sought to be reached and applied in payment of the plaintiff's debt, would be inconsistent alike with equity principles and precedents, and with the terms and the spirit of the bankrupt act. *Morgan* v. *Campbell*, 22 Wall. 381.                *Bill dismissed.*

*T. L. Nelson*, for the plaintiff.

*A. J. Bartholomew*, for the defendants.