### WILLIAM G. FISH *vs.* WILLIAM C. FISKE.

Suffolk.    March 3, 1891. — September 2, 1891.

Present: HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Equity Practice — Waiver — Creditor's Bill — Lien — Insolvency of Defendant.*

The filing of an agreed statement of facts by the parties to a bill in equity, pending an appeal, and their request that the cause be reserved for the full court on the appeal, the pleadings subsequent thereto, and such agreed facts, are a waiver of all questions of form in regard to the proceedings previously had and the manner of bringing the case before the full court.

The plaintiff in a bill in equity under the Pub. Sts. c. 151, § 2, cl. 11, and the St. of 1884, c. 285, § 1, to compel the defendant to sell his seat in a stock exchange and apply the proceeds in payment of the plaintiff's claim, acquires no lien

thereon, and if, pending an appeal, the defendant sells the same and pays over the proceeds to his counsel, and then goes into insolvency, such proceeds will pass to his assignee in insolvency.

BILL IN EQUITY, filed December 5, 1887, in this court, under the Pub. Sts. c. 151, § 2, cl. 11, and the St. of 1884, c. 285, § 1, to compel the defendant to sell and transfer his membership in the Boston Stock Exchange, and to apply the proceeds to the plaintiff's claim. On December 31, 1888, a decree was entered by a single justice, which recited the defendant's indebtedness to the plaintiff in the sum of $6,050, and that the defendant had no property that could be reached or taken on execution in an action at law, and ordered him forthwith to sell and transfer such membership in due form, and out of the proceeds of such sale, after satisfying the claims of the Exchange or of members thereof, if any, to pay to the plaintiff the balance remaining, to an amount not exceeding the amount of his claim. From this decree the defendant, on January 25, 1889, appealed to the full court. On March 26, 1889, one Davenport filed a petition, reciting that on March 22, 1889, he had been duly appointed the assignee in insolvency of the defendant's estate, and praying that he might intervene in the case and prosecute the defendant's appeal for the benefit of creditors, which petition was allowed. On April 18, 1889, Davenport filed a supplemental answer, to which the plaintiff filed a replication on July 16, 1890. · Subsequently, on February 18, 1891, the plaintiff and the assignee signed and filed an agreement in writing, which recited that the defendant, pending his appeal and before going into insolvency, transferred his membership in the Stock Exchange, and, after satisfying various claims due the members thereof, had left in his hands the sum of $1,547.83, which amount he thereupon paid over to his counsel, in whose hands it still was, subject to the control of the assignee in insolvency, to which sum the plaintiff claimed to be entitled; and that there had been proved against the plaintiff's estate in insolvency claims amounting to $3,052, besides which there were claims unproved amounting to $3,500, exclusive of the plaintiff's claim.

*Field*, C. J., at the request of both parties, reserved the case upon the original appeal, the pleadings subsequent thereto, and the agreed statement of facts filed by the parties, for the

consideration of the full court, such decree to be entered as justice and equity may require.

*R. M. Morse, Jr. & W. M. Richardson,* for the plaintiff.

*F. Paul,* for the assignee.

KNOWLTON, J. The agreement in writing filed by the parties, and their request that the case be reserved for the full court on the original appeal, the pleadings subsequent thereto, and the agreed statement of facts, are a waiver of all questions of form in regard to the proceedings previously had, and the manner of bringing the case before us. We may, therefore, consider the entire case on its merits.

If we assume in favor of the plaintiff, without deciding, that the bill was properly brought, and that the decree of the single justice in favor of the plaintiff was well warranted by the facts existing when it was made, the subsequent insolvency of the defendant before the final disposition of the case gives his assignee rights which must be recognized in the interest of the general creditors. It has repeatedly been held that a plaintiff bringing a bill in equity under the provisions of the Pub. Sts. c. 151, § 2, cl. 11, and the St. of 1884, c. 285, § 1, to reach property of the debtor which " cannot be come at to be attached or taken on execution in a suit at law against such debtor," does not thereby acquire a lien on the property which will prevent its passing to an assignee in insolvency. *Trow* v. *Lovett,* 122 Mass. 571. *Squire* v. *Lincoln,* 137 Mass. 399. *Powers* v. *Raymond,* 137 Mass. 483. Such a proceeding, even if followed by an injunction against any disposition of the property by the debtor, does not constitute an attachment, within the meaning of the Pub. Sts. c. 157, §§ 46, 47, and does not defeat the right of the assignee to have everything that belongs to the debtor which can lawfully be taken at law or in equity and applied to the payment of his debts.

The proceeds of the defendant's transfer of his membership in the Boston Stock Exchange, which he paid over to his counsel, were a part of his assets, to which his assignee in insolvency is entitled by virtue of the assignment. *Barton* v. *White,* 144 Mass. 281. Inasmuch as the plaintiff has acquired no lien on the property, the entry must be,

*Bill dismissed.*