FRANK W. TITCOMB *vs.* HARRY H. BRADLEE & another.

Suffolk.     March 31, 1893. — May 19, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Equitable Attachment — Sale of Interest of Cestui que Trust — Insolvency —*
*Composition Proceedings — Equitable Lien.*

A creditor who by a bill in equity seeks to reach and apply in satisfaction of his
claim the debtor's interest in a trust fund does not, by filing his bill, acquire a
lien upon that interest so as to prevent it, upon the subsequent institution of
insolvency proceedings by the debtor, from passing to his assignees, or so as to
prevent them from holding it free and discharged of any equitable lien.

There is nothing in the original composition act, St. 1884, c. 236, or in the amenda-
tory acts, which provides that, upon the institution of composition proceedings
after the insolvent's estate has been conveyed to assignees in insolvency, it shall
*ipso facto* revest in the debtor, and become subject to any attachment or lien
existing or proceeding pending in favor of a creditor at the time when the war-
rant in insolvency was issued.

The sale by the assignees in insolvency, acting in behalf of the debtor, of his inter-
est in a trust fund given by will in order to obtain funds with which to pay the
proposed dividend in composition proceedings, though subsequent to the filing
of a creditor's bill, vests an absolute title in the vendee, and does not revest the
property in the debtor, so as to make it subject to be reached by the creditor
in equity or to give him an equitable lien upon it.

Upon the discharge of the debtor in composition proceedings under St. 1884,
c. 236, § 10, the property that reverts to and revests in him must be such as
then remains in the assignee's hands, and although it is provided that the court
of insolvency may, upon the filing by the debtor of a proposal for composi-
tion, stay or suspend insolvency proceedings, there is nothing which forbids it
from thereafter authorizing the assignees to sell the estate by public or private
sale.

BILL IN EQUITY, filed in the Superior Court, February 9,
1892, by a non-resident creditor of the defendant Harry H.
Bradlee, to reach and apply upon his debt his interest in a fund
held in trust under the will of his father, Henry E. Bradlee, by
the defendant William E. Gutterson.

The defendants answered separately, the defendant Gutterson,
by his answer, filed on April 13, 1892, alleging that the income
of the defendant Bradlee under his father's will had been as-
signed by him to one Hutchinson and one Peabody; and that
since the filing of the bill the defendant had been adjudged
insolvent. The defendant Bradlee, by his answer, filed on No-

vember 2, 1892, alleged that since the filing of the bill he had received his discharge in insolvency; and at the same time his assignees answered, claiming, as such assignees, the interest of the defendant Bradlee in the fund.

Hearing on the pleadings and on agreed facts, in substance as follows.

Henry E. Bradlee, the father of the defendant Bradlee, by his will, gave all his property to the defendant William E. Gutterson, in trust to pay one tenth of the net income to his sister for life, and then directed that " the balance of said net income shall be paid semiannually to my wife, Louise, and my two children, Ella and Harry, in equal proportions, share and share alike, during their lives."

At the time of the filing of the bill, the widow, Louise Bradlee, and the two children, Ella and Harry, were living, and the latter, the defendant, was in receipt of one third of the income of the trust estate. On February 24, 1892, he was adjudged insolvent, and at the first meeting of creditors, held March 10, 1892, Sherman L. Whipple and Fred J. Hutchinson were duly appointed assignees.

Subsequently, an offer of composition made by the defendant Bradlee, under the provisions of St. 1884, c, 236, was accepted and confirmed, and on October 3, 1892, the assignees having, under leave of the Court of Insolvency, sold the interest of the defendant Bradlee to his mother for $2,000, in order to obtain funds with which to pay the proposed dividend, acting in behalf of the debtor, deposited the proceeds with the register of insolvency, in compliance with the order of the court, and the debtor received his discharge.

The plaintiff, who resides in Houlton, Maine, did not prove his claim in insolvency against the defendant, or consent to the offer of composition, or accept a dividend on the amount due him.

The judge dismissed the bill, with costs, as to the defendant Gutterson, and entered a decree that the plaintiff recover judgment against the defendant Bradlee in the sum of $200 (being an amount agreed by the parties) and costs of suit, and that execution issue therefor, " not to contain a capias, nor to authorize the arrest of the said debtor." The plaintiff appealed to this court.

*J. M. Hall,* for the plaintiff.

*D. C. Linscott,* for Gutterson, and *S. L. Whipple,* for H. H. Bradlee and the assignees, were not called upon.

MORTON, J. It is clear that the interest of the defendant Bradlee in his father's estate under his will could have been reached by the plaintiff and applied in satisfaction of his claim but for the insolvency proceedings. *Forbes* v. *Lothrop,* 137 Mass. 523. It is also clear that the plaintiff did not acquire by filing his bill any lien upon that interest, so as to prevent it from passing to the assignees, and that the assignees did not take the property subject to it. *Fish* v. *Fiske,* 154 Mass. 302, and cases cited. The subsequent sale of the interest by the assignees, under leave of the Court of Insolvency, to the mother of the defendant Bradlee, for $2,000, vested in her an absolute title to it, unless, as we understand the plaintiff to contend, the effect of the composition proceedings was to revest the property in the defendent Bradlee, and therefore to make it subject to be reached by the plaintiff in this proceeding, or to give the plaintiff an equitable lien upon it. Neither position can be sustained, we think. Although composition proceedings differ in material respects from the usual course of insolvency proceedings, there is nothing in the original composition act, or in the amendatory acts, providing that, upon the institution of composition proceedings after the insolvent's estate has been conveyed to assignees in insolvency, it shall *ipso facto* revest in the debtor, and become subject to any attachment or lien existing or proceeding pending in favor of a creditor at the time when the warrant in insolvency was issued. St. 1884, c. 236. St. 1885, c. 353. St. 1889, c. 406. St. 1890, c. 387. It is expressly provided that, upon the granting of the discharge, the property of the debtor shall revert to and be revested in him ; plainly implying that it shall not till then. St. 1884, c. 236, § 10. The property that is to revert to and revest in the debtor must be such property of his as then remains in the assignee's hands. Although it is provided that the Court of Insolvency may, upon the filing by the debtor of a proposal for composition, stay or suspend insolvency proceedings, there is nothing which forbids it from thereafter authorizing the assignees to sell the estate at public or private sale. It may be necessary to sell it, as

appears to have been the case in this instance, to obtain funds with which to pay the proposed dividend. If the property had been sold by the assignees in the usual course of insolvency proceedings, we understand the plaintiff to admit that he would have had no lien on it. There is no reason why one purchasing from an assignee selling by authority of the Insolvency Court after the institution of composition proceedings should stand in any different position from one purchasing at a sale by assignees authorized by the court in the usual course of insolvency proceedings.                                    *Decree affirmed.*