ROBERT M. SNYDER *vs.* JAMES M. SMITH & others.

Suffolk. December 14, 1903. — February 24, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & BRALEY, JJ.

*Bankruptcy. Words, "Lien."*

A temporary injunction, upon a bill under Pub. Sts. c. 151, § 2, cl. 11, to reach and apply equitable assets of the defendant in payment of his debt to the plaintiff, issued more than four months before the defendant is adjudicated a bankrupt, creates a lien good against the trustee in bankruptcy under the bankruptcy act of 1898.

BILL IN EQUITY, filed April 26, and amended May 8, 1901, under Pub. Sts. c. 151, § 2, cl. 11, to reach and apply certain equitable assets of the defendant Smith in the hands of the defendants Batt and Dickinson, trustees under the will of James M. Smith, the elder, and the interests of the defendant Smith under a legacy in the hands of the defendant Henderson.

On May 15, 1901, the Superior Court issued a temporary injunction, restraining the defendants Batt and Dickinson and the defendant Henderson from assigning, transferring or paying over any portion of the money, securities or property in their hands belonging to the defendant Smith, until further order of that court, and restraining the defendant Smith from selling, transferring or assigning his interest therein until further order of that court. This injunction was still in force as modified by the decree of March 27, 1903, mentioned in the opinion.

This case, with two others, was referred to a master, who on

March 16, 1903, filed his report establishing the claims of the plaintiffs against the defendant Smith, and finding that the defendants Batt and Dickinson had money and securities of the defendant Smith to the face value of $44,000, and that the defendant Henderson had a life estate in the legacy in question of which a fraction belonged to the defendant Smith.

On March 27, 1903, a decree was entered for the plaintiff as stated in the opinion. The defendant Smith appealed.

On May 7, 1903, the defendant Smith was adjudicated a bankrupt by the District Court of the United States for the District of Massachusetts. On May 7, 1903, the plaintiff, after notice, filed a motion to dismiss the appeal for want of prosecution.

On May 21, 1903, D. Frank Kimball, Esquire, was appointed trustee in bankruptcy of the defendant Smith, and on May 26, 1903, qualified as such trustee. On June 6, 1903, Kimball, trustee in bankruptcy, filed an intervening petition.

This petition and the motion to dismiss the appeal of the defendant Smith were heard by *Hardy*, J., who allowed the motion to dismiss the appeal, and denied the prayers of the petition, except that Kimball, trustee, was allowed to become a party to this proceeding, only for the purpose of receiving any surplus that might remain after the debts to the plaintiff and the plaintiffs in the other suits had been paid. The trustee in bankruptcy alleged exceptions.

*G. M. Palmer & H. T. Richardson*, for the trustee in bankruptcy.

*H. R. Bailey*, (*F. M. Ives* with him,) for the plaintiff.

KNOWLTON, C. J. The motion to dismiss the appeal of the defendant James M. Smith for want of prosecution and the petition of Kimball the trustee in bankruptcy to be allowed to intervene in the suit were heard together. The motion was allowed, and the petition was denied except so far as it related to any surplus that might remain after the debts of the various parties had been paid. At the hearing the plaintiff filed requests for rulings, all of which were given by the judge. One of these was that under the bankruptcy act of 1898 the creditors who were parties to this suit "obtained good equitable liens valid as against the trustee in bankruptcy" of the defendant Smith. We infer that the decision of the judge both upon the motion

and the petition was founded largely, if not entirely, upon his ruling made in accordance with this request, and was not made merely as a matter of discretion. The trustee in bankruptcy legally represented the bankrupt as the assignee of his property, and was entitled to be heard, upon proper proceedings in court, on his claim to the property referred to in the decree. We shall therefore assume in his favor, against the plaintiff's contention, that he is rightly before us on his exception to the order denying his petition, and upon his appeal from that order.

The important question in the case is whether the proceedings gave the plaintiff an equitable lien upon the assets mentioned in the bill, which was good against the trustee in bankruptcy. The suit was brought under Pub. Sts. c. 151, § 2, cl. 11, (R. L. c. 159, § 3, cl. 7,) to reach and apply certain equitable assets of the defendant Smith in the possession of the defendants Batt and Dickinson, trustees. A temporary injunction was issued on May 15, 1901, soon after the commencement of the suit, restraining the defendant Smith and the defendants who held the property from disposing of it. On March 27, 1903, a decree was entered settling the rights of the parties in favor of the plaintiff; the defendant Smith appealed, but failed seasonably to prosecute his appeal, and on May 7, 1903, he was adjudicated a bankrupt on his voluntary petition; and on May 21, Kimball was duly appointed his trustee.

The United States bankruptcy act of 1898, at § 67 *c* and § 67 *f*, in differing language recognizes liens " created by or obtained in or pursuant to any suit or proceeding at law or in equity," and liens " obtained through legal proceedings." The provisions of this section are somewhat broader than those of the bankruptcy act of 1867. They are unlike the insolvency law of Massachusetts. This law, as it is found in the Gen. Sts. c. 118, § 44, discharged all liens obtained in legal proceedings, unless the suit had gone to judgment and the lien by attachment had been perfected by a levy. It is expressly said that the assignment shall be effectual to discharge any attachment on mesne process, subject to a special exception permitting the attachment to be preserved in certain cases for the benefit of the general creditors. By the St. of 1880, c. 246, § 7, this statute was amended by adding a provision as follows: " The assignment named in section

forty-four of said chapter one hundred and eighteen shall not dissolve an attachment on mesne process, made more than four months prior to the time of the first publication of the notice of issuing the warrant, in case of voluntary proceedings; and in case of involuntary proceedings such assignment shall not dissolve such an attachment made more than four months prior to the time of the first publication of the notice of the filing of the petition." This provision has been embodied without material change in the Pub. Sts. c. 157, § 46, and in the R. L. c. 163, § 54. Until this amendment was made, the statute not only in express terms provided that the lien created by an attachment on mesne process should be ineffectual against the rights of the assignee, but declared by implication that equitable liens of a similar character, obtained through legal proceedings in the nature of an attachment, would not be enforceable in proceedings in insolvency. By the amendment an exception was made in favor of attachments on mesne process made more than four months before the commencement of insolvency proceedings, but there was no exception of equitable liens obtained in proceedings to collect a debt.

The first question under § 67 of the bankruptcy act is what is meant by the word "lien." It is plain that a lien created by a suit in equity stands as well as any other kind of lien. Such a lien that has been in existence more than four months is good against the assignment to the trustee. An attachment on mesne process under our statute creates a lien. *Davenport* v. *Tilton*, 10 Met. 320. *Taylor* v. *Mixter*, 11 Pick. 341, 348. *Denny* v. *Willard*, 11 Pick. 519, 524 *et seq.* In the first of these cases it is held that such a lien is preserved by the bankruptcy act of 1841. This lien does not depend upon possession; it is created by operation of law, sometimes by a record of the doings of the officer, as in the case of attachments of real estate, (see R. L. c. 167, § 59,) and of personal property that cannot easily be removed. See R. L. c. 167, § 45. Undoubtedly an attachment by trustee process gives a lien upon property which will be good against bankruptcy if more than four months old. *Kimball* v. *Morris*, 2 Met. 573, 578, 579.

Proceedings in cases like the present are often called in the books an equitable attachment. If the facts warrant it, it is the

practice to issue a temporary injunction, whereby the property, by judicial order, is charged with an equity for the security of the plaintiff, and is taken directly into the control of the court. In this respect the control of it and its appropriation for security are in all particulars as effectual as in an attachment at law by trustee process.

A bill brought under our statute is like a creditors' bill under general equity practice, though it may be brought by a single creditor for his own benefit without having obtained a judgment, and without making other creditors parties. That equitable liens upon property can be enforced when there is no other control of the property than by the process of a court of equity has been decided repeatedly in this Commonwealth. *Wiggin* v. *Heywood*, 118 Mass. 514. *Western Union Telegraph Co.* v. *Caldwell*, 141 Mass. 489. *Desmond* v. *Fisher*, 152 Mass. 521. The power of the court to appropriate property under this statute has been maintained effectually in a variety of cases. *McCann* v. *Randall*, 147 Mass. 81. *Wilson* v. *Martin-Wilson Automatic Fire Alarm Co.* 151 Mass. 515. *Pettibone* v. *Toledo, Cincinnati, & St. Louis Railroad*, 148 Mass. 411, 417. *Wilson* v. *Martin-Wilson Automatic Fire Alarm Co.* 149 Mass. 24, 27.

The trustee in bankruptcy relies upon *Trow* v. *Lovett*, 122 Mass. 571, *Squire* v. *Lincoln*, 137 Mass. 399, *Powers* v. *Raymond*, 137 Mass. 483, *Fish* v. *Fiske*, 154 Mass. 302, and *Titcomb* v. *Bradlee*, 159 Mass. 190, as tending to show that in this case there is no equitable lien which can be recognized under the bankruptcy act of 1898. The first of these cases was brought under the St. of 1875, c. 235, which confers jurisdiction in equity to reach and apply in payment of a debt property fraudulently conveyed by a debtor with intent to defeat, delay or defraud his creditors. The question arose under the bankruptcy act of 1867. The bill was filed in February, 1876, and in March, 1876, the debtor was adjudicated a bankrupt. The property might have been attached by the plaintiff in an action at law. No injunction was issued. If an attachment at law had been made, it would have been dissolved, because it would have been less than four months old. The statute gave no greater effect to an equitable attachment than to an attachment at law. While some of the language of the opinion is not in accord with that of some

other courts, the decision was plainly right, and the case is not an authority against the plaintiff under the bankruptcy act of 1898. The decision in each of the next two cases was simply that the right acquired by a plaintiff in equity under this statute was not an attachment that could be kept in force by the assignee for the benefit of general creditors under the Pub. Sts. c. 157, § 47. The last two cases arose under the insolvency law of this Commonwealth, and, as we have already pointed out, this law defeated liens legal and equitable obtained through legal proceedings to collect a debt, except attachments on mesne process, which means attachments at law, that were made more than four months before the commencement of insolvency proceedings. These cases do not decide that the lien referred to is not an equitable lien in the general sense, but that it is not a lien which will be given effect against an assignee in insolvency under the insolvency law of Massachusetts.

The cases of *Metcalf* v. *Barker*, 187 U. S. 165, and *Pickens* v. *Roy*, 187 U. S. 177, fully cover the question now before us, unless the fact that the bill in each case was brought by a judgment creditor made a decisive difference in regard to the result reached. *Doyle* v. *Heath*, 22 R. I. 213, 219, and *Taylor* v. *Taylor*, 14 Dick. 86, 89, are to the same effect. We are of opinion that there is no such difference in principle between the rights secured by a creditor's bill brought under our statute with an injunction in favor of the plaintiff, and a bill brought by a judgment creditor, as should require us to hold that one plaintiff acquires no lien, while the other acquires a lien that is protected under the bankruptcy act. In either case the lien acquired is not like a lien at law, which must be maintained by possession, but it is an equitable right, to be held as security and protected by the order of the court.

The St. 1892, c. 209 (R. L. c. 177, § 24), enacted since the decision in the latest of the Massachusetts cases above cited, expressly gives a lien that will be enforced against an assignee or trustee in proceedings in insolvency or bankruptcy in cases like the present. This statute seems to make the matter clear.

We are of opinion that the ruling was right. The form of the decree is not before us for consideration.

*Exceptions overruled ; order affirmed.*