CHRISTOPHER J. HESSE *vs.* MARGARET W. LOCKWOOD
& another.

Berkshire.     September 18, 1928. — October 8, 1928.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Attachment. Equity Jurisdiction,* Specific performance, Equitable attachment. *Equity Pleading and Practice,* Interlocutory injunction. *Sale,* What constitutes, Transfer of title, Delivery, Vendor retaining possession. *Sales Act.*

A master hearing a suit in equity found that a tenant of an apartment in an apartment house under a lease expiring October 1, 1928, was, on February 6, 1928, in arrears for rent and extras amounting to $153.50, which he could not pay; that the manager of the apartment house on that day offered to pay $400 for furniture and household effects of the tenant in the apartment; that the offer was accepted, whereupon the manager gave the tenant a receipt for the rent due, acknowledging payment thereof "by transfer of furniture," which was accepted by the tenant in lieu of a cash payment on the purchase price of $400; that it was further agreed orally that the tenancy under the lease was terminated on that day, that the tenant should continue to occupy as tenant at will at the same rent, and that the remainder of the purchase price should be adjusted on the basis of the rent owed by the tenant when he should vacate the apartment; and that the tenant continued to occupy the apartment at the time of the hearing of the suit by the master, the furniture and effects having been left in the apartment and used as the tenant's own in the same manner as before the transaction with the manager. The master further found that title to the furniture and effects passed from the tenant to the manager on February 6, 1928. *Held,* that the finding last mentioned was warranted under G. L. c. 106, § 20.

The suit in equity above described was by a creditor of the tenant against the tenant, was commenced on March 8, 1928, by the filing of the bill and the issuance of a subpoena without an attachment of property, and sought to have the tenant ordered to turn over to the plaintiff the household effects in the apartment as security for the plaintiff's claim in specific performance of an instrument in writing dated August 2, 1927, whereby the tenant agreed to pay the plaintiff a certain sum of money by certain instalments, and, if payments were not made, "I promise to turn over to . . . [the plaintiff] all my household effects . . . [in the apartment]." An interlocutory decree issued restraining the tenant until further order of the court from "selling, transferring or in any way encumbering or disposing" of the household effects. The manager of the apartment house was allowed to intervene in the suit as a party defendant. The master found that the tenant had not made the payment due on Febru-

ary 1, 1928, nor any payments due thereafter; and that the transaction between the manager and the tenant was made without knowledge by the manager of the plaintiff's claim to the furniture and household effects. A final decree was entered adjudging that the title and right to possession of the furniture was in the manager and dismissing the bill as to him, and adjudging the tenant indebted to the plaintiff in a certain amount which he was ordered to pay. Upon appeal by the plaintiff, it was *held*, that

(1) Although the retention of possession of the furniture and household effects by the tenant left them subject to attachment by the plaintiff as a creditor under G. L. c. 106, § 28, the plaintiff's bill was not a creditor's bill, nor a bill to reach and apply equitable assets to the satisfaction of his claim;

(2) The injunction did not operate as an equitable attachment or lien creating an interest in the plaintiff superior to that of the manager;

(3) The final decree must be affirmed.

BILL IN EQUITY, filed in the Superior Court on March 8, 1928.

The bill, further proceedings, material facts found by a master to whom the suit was referred, and a final decree entered by order of *Burns*, J., are described in the opinion. The suit was heard by the master on May 4, 1928. The plaintiff appealed from the final decree only.

*G. A. Prediger*, for the plaintiff.

*F. W. Bunnell, pro se.*

PIERCE, J. This suit was begun by the filing of a bill in equity and the issuance of a subpoena without an attachment of property. It seeks to compel the specific performance of an agreement, contained in an instrument signed by the defendant Lockwood, which is as follows: "Pittsfield, Massachusetts, August 2, 1927. I agree to pay to Chr. J. Hesse $112.00 for 10 months until loan of $1000.00 at 10% for one year is paid. If this amount is not paid as agreed I promise to turn over to Chr. J. Hesse all my household effects which I own and have at the South Street Inn, 153 South Street." The bill alleges that the defendant Lockwood has neglected to pay the instalments of $112 each, due in February and March respectively, 1928, and that she owes the plaintiff therefor; that she intends to remove all of her household effects from said South Street Inn and to evade payment of her said indebtedness to the plaintiff. The bill prays: (1) "That the defendant, Margaret W.

Lockwood, her servants, agents and attorneys may be during the pendency of this bill enjoined from removing said household effects from said South Street Inn or said city of Pittsfield and may be enjoined from selling, transferring or in any way encumbering or disposing of said household effects"; (2) "That the defendant be ordered to turn over to the plaintiff all of her said household effects and to execute such instrument in writing as may be necessary to secure the plaintiff's claim until the defendant has paid in full her indebtedness to the plaintiff"; and (3) "That the plaintiff may have such other and further relief as justice and equity may require."

The bill was filed March 8, 1928, and on the same day a temporary injunction issued as prayed for. The defendant Lockwood received actual notice of the temporary restraining order by registered mail on March 10, 1928. On March 17, 1928, a second restraining order, in like form, issued against the defendant to continue until the further order of the court or some justice thereof. This order was duly served upon her on March 20, 1928.

On April 6, 1928, on a motion filed March 19, 1928, one Fred W. Bunnell was allowed to become a party to the suit, and on April 16, 1928, filed the answer which follows: "And now comes Fred W. Bunnell, manager of the South Street Apartments and says that on the sixth day of February 1928, he did purchase from Margaret W. Lockwood and did pay a valid consideration for all furniture and equipment then in Apartment No. 640 being the property of the said Margaret W. Lockwood; that said property was sold to him outright on the date above mentioned and that said property now belongs to him and has belonged to him since the sixth day of February 1928."

The original defendant, Lockwood, filed no answer, and on April 27, 1928, an interlocutory decree was entered wherein the bill was taken *pro confesso* against her. On the same date the cause was referred to a master who made his report on June 29, 1928. By consent of the defendant Bunnell, on the motion of the plaintiff, the master's report was confirmed by an interlocutory decree entered July 20, 1928.

On July 23, 1928, a final decree was entered in the terms which follow: "This cause came on to be heard at this sitting of the court, and was argued by counsel, and thereupon, upon consideration thereof, it is ordered, adjudged, and decreed that the title and right to possession of furniture and household effects in apartment 640 at the South Street Apartment, is in the defendant Bunnell, and that the plaintiff's bill be dismissed as against the defendant Bunnell, without costs. It is further ordered, adjudged and decreed that the defendant, Lockwood, is indebted to the plaintiff in the sum of five hundred sixty (560) dollars and interest from June first 1928, which she is directed to pay to the plaintiff forthwith, together with costs in the sum of $23.90 and execution is ordered to issue therefor." The case is before this court on the appeal of the plaintiff from the final decree.

The question presented by the appeal is, Was the final decree warranted by the record and the facts found by the master? In substance, in his report the master finds that the defendant Lockwood gave the plaintiff the note and agreement above set out; that he requested her on February 1, 1928, to pay the February instalment; that she then stated to the plaintiff that she was unable to make the payment at that time but would do so before leaving Pittsfield, which she contemplated doing; and that she has not paid the instalment due on the note on February 1, 1928, nor any instalment falling due subsequently thereto.

The report further shows that the defendant Lockwood, under a lease expiring October 1, 1928, occupied the apartment No. 640 at 153 South Street, Pittsfield, Massachusetts; that on February 6, 1928, the defendant Bunnell, without knowledge that the plaintiff made any claim to the furniture and household effects of the defendant Lockwood in the apartment No. 640 South Street, directed the attention of the defendant Lockwood to the fact that all rents were payable in advance, that the rent for January was past due, that the rent for February was also due and payable, and presented to her a bill for $153.50 for January and February, 1928, and extras; that the defendant Lockwood

informed Bunnell that "she did not have the rent and had no funds with which to pay the same."

The master finds that the defendant Lockwood asked Bunnell what he would give for the furniture and household effects, as she expected to leave Pittsfield and go to Washington, D. C., some time later; that after looking over the furniture and household effects Bunnell offered to pay $400 for the same, and the offer was accepted; that thereupon Bunnell gave her a receipt, which is copied in the report, and which contained the words "Paid by transfer of furniture in Apt. 640." Respecting this transaction the report reads: "I find that this receipt was accepted by the defendant, Lockwood, in lieu of a cash payment upon the agreed purchase price of the furniture and household effects, viz: $400; that this is the only payment that has ever been made by the defendant, Bunnell, toward the purchase price of said furniture and household effects; that the arrangement in regard to the payment of the balance of the purchase price of said furniture and household effects was as follows: — There was a mutual oral agreement between the defendant, Lockwood, and the defendant, Bunnell, that the written lease of said apartment No. 640 held by the defendant, Lockwood, terminating October 1, 1928, was terminated February 6, 1928, and the defendant, Lockwood, was thereafter to continue to occupy said apartment No. 640 as a tenant at will until the first of May or the first of June, 1928, at the same rent as set forth in said lease, viz: $60 per month exclusive of extras; that if, at the time when the defendant, Lockwood, vacated said apartment No. 640, the amount of rent owed by her exceeded the balance due on the purchase price of $400, she was to pay the difference to the defendant, Bunnell, as manager of the South Street Apartments; that if the amount of rent owed by the defendant, Lockwood, at the time she vacated said apartment No. 640 was less than the balance of said purchase price of $400, the defendant, Bunnell, was to pay the difference to the defendant, Lockwood. The defendant, Lockwood, left Pittsfield on February 7, 1928, and went to Washington, D. C., returning to Pittsfield on or about March 31, 1928,

but did not relinquish her tenancy of said apartment No. 640 during the period which she was absent from Pittsfield, and still continues to occupy same."

The master finds that the receipt was the only writing which passed between the defendants Lockwood and Bunnell on February 6, 1928; that as between them "the title to said furniture and household effects passed February 6, 1928." It is plain the finding that the title passed on February 6, 1928, was fully warranted by the fact that the goods were ascertained and that the defendant Lockwood "did not care to move her furniture and household effects on account of the expense" from Pittsfield to Washington, D. C., where she expected to go. G. L. c. 106, §§ 19, 20. The master finds that this furniture and the household effects were left in the apartment No. 640 from February 6, 1928, until the hearing before him; that the defendant Lockwood has continued to occupy the apartment as tenant and to use as her own, in the same manner as she did before the sale to Bunnell, the furniture and household effects; and that she has at all times retained in her possession the key to said apartment.

The retention of possession of the goods by the defendant Lockwood under the authority of G. L. c. 106, § 27, authorized a sale and delivery by her of the goods to a purchaser for value "in good faith and without notice of the previous sale" to Bunnell, and under § 28 the retention of the possession by her left the goods subject to an attachment by any of her creditors. *Lanfear* v. *Sumner,* 17 Mass. 110. *Hallgarten* v. *Oldham,* 135 Mass. 1. The plaintiff's bill is not a bill by a creditor, nor a creditor's bill to reach and apply equitable assets to the satisfaction of a debt due him under the note and agreement. *Snyder* v. *Smith,* 185 Mass. 58. As a creditor of the defendant Lockwood the plaintiff has not seized the goods under a common law writ of attachment, if the goods were subject to attachment. The object sought by the bill is the specific performance of an agreement to "turn over" goods to the plaintiff by the defendant Lockwood. How the phrase "turn over" shall be construed, whether the title to the goods shall be in the plaintiff absolutely or in mortgage or pledge when they shall be turned

over, is not a question required to be here determined.   In the circumstances of this case the injunctions did not operate as equitable attachments or liens that created an interest which was superior to the right of Bunnell in the furniture and household goods.   *Snyder* v. *Smith, supra.   Rioux* v. *Cronin,* 222 Mass. 131.

*Decree affirmed with costs.*