**In re SLL, INC., d/b/a State Line Lumber, Inc., Debtor.**

**Bankruptcy No. 85–1097HL.**

United States Bankruptcy Court, D. Massachusetts.

Nov. 21, 1985.

Irving Widett, Widett & Glazier, Boston, Mass., for debtor.

John F. Cullen, Cullen & O'Connell, Boston, Mass., Trustee.

Frank Sherman, Waltham, Mass., for Weyerhaeuser.

## DENIAL OF RELIEF FROM STAY AND FINDING OF VOIDABLE PREFERENCE

HAROLD LAVIEN, Bankruptcy Judge.

On October 3, 1985, SSL, Inc., d/b/a State Line Lumber, Inc., (hereinafter "State Line") filed a voluntary petition in bankruptcy under Chapter 7 of 11 U.S.C. § 301. The matter before the Court is a motion brought by Weyerhaeuser Company, a creditor, for relief from stay and for leave to enforce an alleged judicial lien. The trustee has responded to this motion by asserting that any lien held by Weyerhaeuser came into existence within 90 days of the debtor filing bankruptcy and is voidable as a preference. A hearing was held on this matter on October 24, 1985. Weyerhauser and the trustee for the estate have both submitted briefs.

On June 26, 1985, Weyerhaeuser commenced an action in Middlesex Superior Court against the debtor and Calvin E. Moore, a prospective purchaser of the debtor's assets. Weyerhaeuser's claim consisted of an action to reach and apply the proceeds of a sale by the debtor to Moore, pursuant to Massachusetts General Laws, Chapter 214, Section 3(6). Weyerhaeuser commenced suit in order to satisfy a debt the debtor owed it for goods and services in the amount of $22,728.29. As part of its claim, Weyerhaeuser sought a preliminary injunction restraining the debtor and Calvin Moore from disposing of or encumbering the first $25,000 above the amount required to satisfy secured debts, taxes, and cost.

On July 3, 1985, prior to the date set for any court hearing or action, the parties entered into a stipulation and Agreement, providing that all monies received from the bulk sale would be placed in an escrow account. The stipulation also provided that should Weyerhaeuser succeed in its suit, it would then be paid from the escrow account after all superior claims were satisfied. No Court approval or adoption of stipulation was requested or obtained. The evidence is unclear as to whether or when the stipulation was even filed with the

state court. The sale of the debtor's property occurred on July 19, 1985. An escrow account was created on July 22, 1985 in order to hold the funds as agreed in the stipulation. On August 15, 1985, State Line was found to be in default in Weyerhaeuser's suit and judgment was entered, ordering State Line to pay the sum of $23,969.53 with interest thereon from July 19, 1985, from the escrow account.

## ISSUE

A. Is a stipulation, not endorsed by the Court and executed prior to any Court action but alleged to be in lieu of a state court injunction, which proposes to create an escrow account to be funded from the proceeds of a future sale, sufficient to create a lien?

B. If so, when would that lien become perfected?

## DISCUSSION

Determining whether the stipulation entered into by Weyerhaeuser, State Line, and Moore, created a lien is essential to deciding if Weyerhaeuser has a preference under 11 U.S.C. § 547(b). A preference exists in this case if Weyerhaeuser's interest in the debtor's property and/or the property, itself, came into existence within 90 days of the debtor declaring bankruptcy. If the stipulation created a perfected lien, then Weyerhaeuser's interest in the escrow account is not a preference because it came into existence 98 days prior to the debtor declaring bankruptcy. On the other hand, Weyerhaeuser's interest in the escrow account is a preference, if a perfected lien was not created until either the sale occurred on July 19, 1985, the funds were placed in escrow on July 22, 1985, or the Court entered its Order on August 13, 1985. It should be noted that all of these dates are within 90 days of October 3, 1985, the date the Chapter 7 was filed. Except when otherwise provided in the Bankruptcy Code, state law controls as to the issue of when the lien was created. *Butner v. United States,* 440 U.S. 48, 54–57, 99 S.Ct. 914, 917–19, 59 L.Ed.2d 136; 436 U.S. 955,

98 S.Ct. 3067, 57 L.Ed.2d 1120 (1979); *Cohen v. Wasserman,* 238 F.2d 683, 686 (1st Cir.1956); *Kaufman v. Eastern Baking Co.,* 146 F.2d 826 (1st Cir.1945). Had an injunction been issued by the Court, an equitable attachment or lien would have been created. *Snyder v. Smith,* 185 Mass. 58, 69 N.E. 1089 (1904). The case cited by Weyerhaeuser is inapposite as it held that a stipulation *after* an injunction and replacing the injunction would continue the lien. *McCarthy v. Rogers,* 295 Mass. 245, 3 N.E.2d 787 (1936). This matter might be different had the stipulation been endorsed by the Court. However, there was no Court action in this case creating a judicial lien that was sublimated into the Court sanctioned stipulation. *Rioux v. Cronin,* 222 Mass. 131, 109 N.E. 898 (1915).

Weyerhaeuser relies heavily on Massachusetts Rules of Civil Procedure Rule 65.3 which, as a matter of procedure and not substantive law, authorizes a civil contempt proceeding for failure to comply with a stipulation in lieu of a preliminary injunction. At best, such a procedural rule provides an in personam remedy which is little support for an alleged in rem right.

Further, in the area of consensually created property interests, which is a more accurate description of the stipulation and escrow, the Bankruptcy Code as adopted in 1978 deals directly with the situation where a secured interest is sought in property not presently in the debtor's possession. The preference section which becomes operative when a transfer is made within 90 days of the filing of the bankruptcy petition has two relevant subsections:

First, Section 547(c)(1)(B),

A transfer of a fixture or property other than real property is perfected when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee.

A simple contract credit could attach the goods prior to the sale and obtain a judicial lien prior to sale, that would be superior to any claim of Weyerhaeuser whose stipulation only applied to proceeds of the pending

sale. Note, that the state court judgment provides for interest from July 19, 1985 the date of the sale, not from July 3, 1985, the date of stipulation.

Second, and more important, since Section 547 becomes operative in case of transfers within 90 days, is Section 547(e)(3),

> For the purposes of this section, a transfer is not made until the debtor has acquired rights in the property transferred.

Section 547(e)(3), as revealed by the legislative history,[1] was included to overrule such cases as *DuBay v. Williams*, 417 F.2d 1277 (9th Cir.1969) and *Grain Merchants v. Union Savings Bank*, 408 F.2d 209 (7th Cir.1969), *cert. den.*, 396 U.S. 827, 90 S.Ct. 75, 24 L.Ed.2d 78 (1969) which held that the transfer took place when the security agreement was executed and not when the payment was made. Section 547(e)(3) authorizes the trustee to avoid transfers within the 90 days even if based on earlier created rights. In short, this section abrogates the UCC relation back doctrine.

In the matter at hand, the proceeds did not exist until the sale and were not therefor transferred at the earliest until the sale when they came into existence. Since this was within the 90-day period, the transfer is void as a preference.

### CONCLUSION

Neither the filing of a complaint by Weyerhaeuser created a lien on the proceeds of the sale, nor the signing of the stipulation by Weyerhaeuser, Stateline, and Moore. No funds existed prior to the 90-day preference period in which Weyerhaeuser had a perfected interest. The funds, the proceeds of the sale, came into existence within 90 days of the debtor declaring bankruptcy as did the transfer to Weyerhaeuser by means of the escrow account. The stay is to continue, the escrow or at best the sale was a transfer within 90 days and, as such, a voidable preference. The funds are to be turned over to the trustee, who is to

prepare an appropriate order within 20 days.

---

**1.** *See* H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 374–75 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 89 (1978), U.S.Code Cong. & Admin. News 1978, p. 5787.