## FAHEY *v.* DAVIS.

1. RAILROADS—NOT LIABLE FOR NEGLIGENCE WHILE UNDER CONTROL OF GOVERNMENT.

   A railroad company is not liable for the negligent death of an employee during the period that the railroad was being operated under the control of the Federal government as a war measure.

2. SAME — NEGLIGENCE — INTERSTATE COMMERCE — FEDERAL EMPLOYERS' LIABILITY ACT.

   A right of action, if any, for the negligent death of a brakeman on an interstate train based on failure of the company to comply with the Federal safety appliance act, accrued under the Federal employers' liability act (35 U. S. Stat. p. 65) which provides that no action shall be maintained unless commenced within two years from the day the cause of action accrued.

3. SAME—FEDERAL TRANSPORTATION ACT—LIMITATION OF ACTION.

   An action for damages for the negligent death of a brakeman while the railroad was under government control, commenced after the passage of the transportation act (41 U. S. Stat. p. 456) ending government control, and limiting the time within which action might be brought to two years, is subject to the procedure prescribed in said act.

4. SAME—TIME LIMITED MAY NOT BE EXTENDED BY ORDER OF SUBSTITUTION.

   An order substituting the government agent for the railroad company in an action against the latter for the negligent killing of a brakeman while the railroad was being operated under government control, where made after the expiration of the time limited in the transportation act (41 U. S. Stat. p. 456) for beginning an action against the government agent, is void, since its effect would be to extend the time limited in said act.

Certiorari to Wayne; Marschner (Adolph F.), J.

On transportation act as extending period for bringing suit under Federal employer's act, see notes in 4 A. L. R. 1695; 8 A. L. R. 973; 10 A. L. R. 964; 11 A. L. R. 1453; 19 A. L. R. 686.
On right of action by or against director general of railroads, see notes 8 A. L. R. 970; 11 A. L. R. 1453; 14 A. L. R. 235; 19 A. L. R. 687.

Submitted June 6, 1923.     (Docket No. 53.)     Decided October 1, 1923.

Case by Michael Fahey, administrator of the estate of John F. Fahey, deceased, against the Detroit, Grand Haven & Milwaukee Railway Company for the negligent killing of plaintiff's decedent. · From an order substituting James C. Davis, director general of railroads, as defendant, he brings certiorari. Order set aside.

*Harrison Geer* (*Leo J. Carrigan*, of counsel), for appellant.

*Harry C. Milligan*, for appellee.

WIEST, C. J.     This is certiorari to review an order of the Wayne circuit court, made February 28, 1922, substituting James C. Davis, director general of railroads, as agent of the president, under section 206 of the transportation act of 1920, in place and stead of the Detroit, Grand Haven & Milwaukee Railway Company, as defendant in an action for damages. Suit was commenced against the railway company December 1, 1921, by filing declaration, with service thereof upon the paymaster of the company.     The declaration alleges that John F. Fahey, while in the employ of the railway company, as a brakeman on an interstate train, met his death, December 6, 1919, through the failure of the company to comply with the Federal safety appliance law.     Plaintiff's right of action, if any, accrued under the Federal employers' liability act of 1908 (35 U. S. Stat. p. 65), which provides:

"That no action shall be maintained under this act unless commenced within two years from the day the cause of action accrued."

The period within which suit may be brought un-

der the Federal employers' liability act cannot be extended by any court, Federal or State, under the name of procedure. *Atlantic Coast Line Railroad* v. *Burnette*, 239 U. S. 199 (36 Sup. Ct. 75) ; *Kannellos* v. *Railway Co.*, 151 Minn. 157 (186 N. W. 389). The suit was brought within two years from the date the cause of action accrued, but was not brought against the party liable to respond in damages, and not until after the expiration of the two-year period was the order of substitution made.

At the time of the accident, the transportation systems of the country were operated by the Federal government. The railway company was never liable to respond to plaintiff for the cause of action alleged. *Peacock* v. *Railway Co.*, 208 Mich. 403 (8 A. L. R. 964) ; *Mardis* v. *Hines*, 267 Fed. 171.

The Federal control act of March 21, 1918 (40 U. S. Stat. p. 451), provides:

"That carriers while under Federal control shall be subject to all laws and liabilities as common carriers, whether arising under State or Federal laws or at common law, except in so far as may be inconsistent with the provisions of this act or any other act applicable to such Federal control or with any order of the president. Actions at law or suits in equity may be brought by and against such carriers and judgments rendered as now provided by law; and in any action at law or suit in equity against the carrier, no defense shall be made thereto upon the ground that the carrier is an instrumentality or agency of the Federal Government. Nor shall any such carrier be entitled to have transferred to a Federal court any action heretofore or hereafter instituted by or against it, which action was not so transferable prior to the Federal control of such carrier; and any action which has heretofore been so transferred because of such Federal control or of any act of congress or official order or proclamation relating thereto shall upon motion of either party be retransferred to the courts in which it was originally instituted. But no process, mesne or

final, shall be levied against any property under such Federal control."

On October 25, 1918, the director general of railroads, by general order No. 50, required, among other things, that all actions for death or personal injuries, after December 31, 1917, arising out of government control, be brought against the director general, by name. This order was valid. *Missouri Pacific R. Co.* v. *Ault*, 256 U. S. 554 (41 Sup. Ct. 593).

The government, in taking possession and control of the railroads, provided procedure to regulate the bringing of suits. This it had a right to do, for, in the absence of such permissive procedure, the sovereign power exercised would have prevented redress to the injured. The transportation act of February 28, 1920, ended Federal control March 1, 1920 (41 U. S. Stat. p. 456).

The provisions of the transportation act of 1920, with which we are here concerned, follow:

"Section 206. (*a*) Actions at law, suits in equity and proceedings in admiralty, based on causes of action arising out of the possession, use, or operation by the president of the railroad or system of transportation of any carrier (under the provisions of the Federal control act, or of the act of August 29, 1916) of such character as prior to Federal control could have been brought against such carrier, may, after the termination of Federal control, be brought against an agent designated by the president for such purpose, which agent shall be designated by the president within thirty days after the passage of this act. Such actions, suits, or proceedings may, within the periods of limitation now prescribed by State or Federal statutes but not later than two years from the date of the passage of this act, be brought in any court which but for Federal control would have had jurisdiction of the cause of action had it arisen against such carrier.

"(*b*) Process may be served upon any agent or officer of the carrier operating such railroad or system of transportation, if such agent or officer is authorized

by law to be served with process in proceedings brought against such carrier and if a contract has been made with such carrier by or through the president for the conduct of litigation arising out of operation during Federal control.    If no such contract has been made process may be served upon such agents or officers as may be designated by or through the president. The agent designated by the president under subdivision (a) shall cause to be filed, upon the termination of Federal control, in the office of the clerk of each district court of the United States, a statement naming all carriers with whom he has contracted for the conduct of litigation arising out of operation during Federal control, and a like statement designating the agents or officers upon whom process may be served in actions, suits, and proceedings arising in respect to railroads or systems of transportation with the owner of which no such contract has been made; and such statements shall be supplemented from time to time if additional contracts are made or other agents or officers appointed.    *    *    *

"(d) Actions, suits, proceedings, and reparation claims, of the character above described pending at the termination of Federal control shall not abate by reason of such termination, but may be prosecuted to final judgment, substituting the agent designated by the president under subdivision (a)."

It was clearly within the power of the Federal government to provide the sole method of procedure relative to suits growing out of Federal control.    In surrendering government control on March 1, 1920, the procedure regulating pending suits and future suits arising out of government control was fixed.

In *Keegan* v. *Director General of Railroads*, 243 Mass. 96 (137 N. E. 341), it was well stated:

"The Federal government, being thus in complete control of the railroad, could not be impleaded in any court of this country except to the extent and upon terms to which it has consented.  *Louisiana* v. *McAdoo*, 234 U. S. 627, 629 (34 Sup. Ct. 938) ; *Kansas* v. *United States*, 204 U. S. 331 (27 Sup. Ct. 388) ; *Wells* v. *Roper*, 246 U. S. 335 (38 Sup. Ct. 317) ; *McArthur*

*Bros. Co.* v. *Commonwealth,* 197 Mass. 137 (83 N. E. 334) ; *Public Service Com'rs* v. *Telegraph Co.,* 232 Mass. 465, 470 (122 N. E. 567, 4 A. L. R. 1662)."

In suits pending March 1, 1920, the agent designated in section 206, transportation act of 1920, was to be substituted for the director general; while suits thereafter commenced could be brought against such agent and not otherwise. This suit was brought after March 1, 1920, and the procedure must be regulated according to the provisions of the transportation act.

Counsel for plaintiff insists that the opinion of this court in *Peacock* v. *Railway Co., supra,* in which judgment for plaintiff was not only affirmed but in this court an order was entered substituting the director general of railroads for the railway company and dismissing the railway company, ought to be decisive of the case here involved. That case was decided in 1919, during the period of government control. The attorney for the director general asked for an order of substitution in the trial court, as provided by general order No. 50, then in force. Here we have an entirely different question; one arising under the provisions of the transportation act of 1920, in which substitution can only be made where the action was pending on March 1, 1920. This suit was not then pending but thereafter commenced and the procedure governing here is designated in section 206 (*a*), (*b*) of the transportation act. The procedure so designated has not been followed in this case. The agent of the government, under the transportation act of 1920, was not a party defendant until the order of substitution on February 28, 1922, and that order was more than two years after the cause of action, if any, accrued.

The limitation of time in which to bring suit under the Federal employers' liability act cannot be extended in the manner here attempted. Under the transportation act of 1920, a fund to meet judgments

rendered in pursuance of the provisions of the act was created. To reach this fund the provisions of the transportation act of 1920 must be observed.

In *Currie* v. *Railroad Co.*, 206 Ala. 402 (90 South. 313, 19 A. L. R. 675), it was said:

"This cause of action arose in April, 1919, during Federal control of railroads. The railroads were returned to the owners by act of congress on February 28, 1920; and under this act John Barton Payne was designated as the agent to be sued. This was done before this suit was filed. This was not a pending suit at the time. This suit was filed against this defendant on April 14, 1920. The substitution of the designated agent for the defendant in all pending suits as authorized by the act is not applicable to this case. This was not a pending suit when the Federal control terminated. It should have been filed against John Barton Payne, director general of railroads. It was filed against the Louisville & Nashville Railroad Company. A granting of the motion to substitute John Barton Payne, the agent designated by the president, as the sole party defendant, would work an entire change of the party defendant and thereby offend our amendment laws, and this substitution is not authorized under the Federal act of congress, as it was not a pending cause when the Federal control terminated. Hence there was no error in refusing the motion."

See, also, *Louisville, etc., R. Co.* v. *Shikle*, 206 Ala. 494 (90 South. 900); *Missouri Pacific R. Co.* v. *Ault*, *supra*.

Process was served upon the paymaster of the railway company. It should have been served upon the agent of the president unless there existed a contract with the railway company for the conduct of litigation arising out of operation during Federal control. The record discloses no such contract.

The order of substitution was unauthorized and is set aside with costs to defendant.

FELLOWS, MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.