## DAVIS, AGENT, *v.* L. L. COHEN & COMPANY, INC.

ERROR TO THE SUPERIOR COURT OF BRISTOL COUNTY, STATE OF MASSACHUSETTS.

No. 331. Argued April 21, 1925.—Decided June 8, 1925.

1. A judgment entered in the Superior Court in Massachusetts in accordance with a rescript from the Supreme Judicial Court on exceptions reserved, *held* reviewable on writ of error directed to the Superior Court. P. 639.

2. The cause of action for damage to goods in transport over a railroad under federal control was against the Director General of Railroads exclusively. P. 640.

3 When such an action was erroneously brought against the railroad company, it could not be treated as an action against the Director General; and service of process did not bring him into court though made on an agent of the company who might have been properly served in an action against the Director General. *Id.*

4. Where such an action against a railroad company was pending at the termination of federal control, *held*, (a), that substitution, as defendant, of the Agent appointed by the President under the Transportation Act, 1920, is not permissible under § 206(d) thereof, which relates only to suits previously brought against the Director General; (b), that such substitution is in effect the commencement of a new action, and a state statute construed as allowing this by amendment later than two years from the date of the Transportation Act is repugnant to the time limitation in § 206(a) of that Act and void. P. 642.

247 Mass. 259, reversed.

ERROR to a judgment entered in a Superior Court of Massachusetts upon a rescript from the Supreme Judicial Court, in an action for damages, begun against a railroad company, in which the Agent appointed by the President under the Transportation Act was substituted as party defendant.

*Mr. Arthur W. Blackman* for plaintiff in error.

*Mr. Louis Swig* for defendant in error.

Mr. Justice Sanford delivered the opinion of the Court.

This writ of error is brought to review a judgment in favor of Cohen & Co., entered in the Superior Court of Bristol County, Massachusetts, against James C. Davis, as Agent designated by the President under the Transportation Act, 1920.[1]  After a verdict had been rendered, but before entry of judgment, the case was reported by the Superior Court to the Supreme Judicial Court for instructions upon exceptions that had been reserved by both parties; and thereafter, in accordance with a rescript from the Supreme Judicial Court (247 Mass. 259), the judgment in question was entered in the Superior Court.  Under the Massachusetts practice that was followed, the judgment is to be regarded as·the final decision of the highest court of the State in which a decision could be had; and the writ of error was therefore properly directed to the Superior Court.  *McGuire* v. *Commonwealth,* 3 Wall. 382, 386.  And see *Joslin Co.* v. *Providence,* 262 U. S. 668, 673.

A petition for certiorari has also been filed, but as the case is properly here on writ of error, that petition is denied.

The sole question here presented is whether the ·provisions of the Massachusetts General Laws, c. 231, §§ 51, 138, authorizing amendments in any process, pleading, or proceeding at any time before final judgment, as construed and applied in this case, are invalid because of repugnancy to § 206 of the Transportation Act.

The suit was brought by Cohen & Co., in January, 1920, against the New York, New Haven & Hartford Railroad Co., to recover for damages to a carload of scrap iron shipped over the railroad in 1918, when it was under Federal Control.  While the Railroad Company was described

_____
[1] Act of Feb. 28, 1920, c. 91, 41 Stat. 456.

. . .

in the writ as a corporation " operated and controlled by
the United States Railroad Administration," the writ was
directed to, and served upon, the Railroad Company alone,
and the declaration was filed against it alone; no effort
being then made to sue the Director General. The Rail-
road Company appeared and filed an answer denying the
allegations of the declaration.

No further proceedings were had until September, 1922,
when on the *ex parte* motion of the plaintiff, the writ and
declaration were amended by striking out the name of
the Railroad Company, and substituting the name of
James C. Davis, Agent, and the Director General of Rail-
roads, as the party defendant. An order of notice was
then served upon Davis, who appeared specially, and
moved that such service be set aside and the action against
him dismissed, on the grounds that the service was void
and the court was without jurisdiction to entertain the
action against him, because the proceeding against him
had not been instituted within the time prescribed by
§ 206 of the Transportation Act; and that any provisions
of the Massachusetts laws purporting to authorize such
proceeding were repugnant to the Transportation Act and
void. This motion was denied, and Davis was required to
answer. The case, in which, at every stage, he preserved
his original objections, finally resulted in the judgment
against him which it is now sought to review.

Our conclusions may be briefly stated. The Railroad
Company was not liable for the cause of action that had
arisen during Federal Control; the sole liability being that
of the Director General as the representative of the Gov-
ernment. *Missouri Pacific Railroad* v. *Ault,* 256 U. S.
554, 557. The original suit against the Railroad Company
was not a suit against the Director General, and the serv-
ice of the original writ upon the Railroad Company did
not bring him before the court. While originally, after the
passage of the Federal Control Act, it was sometimes

thought, that the Government might be held liable in a suit brought against the carrier, describing it as in the hands or possession of the Director General, all doubts as to how the suit should be brought was cleared away by the General Order of the Director General requiring that it should be brought against the Director General of Railroads, and not otherwise. *Ault Case, supra,* p. 561 (1921).[2] And it is immaterial that, as admitted at bar, the service of the writ against the Railroad Company was made upon a clerk upon whom process against the Director General might have been served if the suit had been brought against him. " The Federal agent was not bound to take cognizance of an action against the railroad corporation, even though the service was on the same local station agent, and even though the complaint stated a cause of action for personal injuries sustained during government control." *Davis* v. *Chrisp,* 159 Ark. 335, 343.

The Transportation Act, which passed in February, 1920, provided that the Federal Control should terminate on March 1, 1920. It further provided, in § 206(a), that suits and proceedings based on causes of action arising out of the possession, use and operation of a railroad under Federal Control, of such character as prior thereto could have been brought against the railroad company, might, after the termination of Federal Control, be brought against an agent designated by the President for such purpose, " but not later than two years from the date of the passage of this Act." It also provided, in § 206(d), that actions of the character above described, pending at the termination of Federal Control, should not abate by reason of such termination, but might be prosecuted to

---

[2] See General Order No. 50 of the Director General, Oct. 28, 1918; amended by General Order No. 50-A, Jan. 11, 1919. U. S. Railroad Administration Bulletin No. 4 (Revised), p. 334; and Supplement, p. 58.

final judgment, substituting the agent designated by the President.

At the termination of Federal Control there was no suit pending against the Director General to enforce the liability of the Government. The amendment of the writ and declaration in the suit against the Railroad Company, in October, 1922, by substituting the designated Agent as the defendant, was, in effect, the commencement of a new and independent proceeding to enforce this liability. Being commenced more than two years after the passage of the Transportation Act, it was repugnant to the provision of § 206(a) requiring such an action to be instituted not later than two years after the passage of the Act. This was the only consent the Government had given to being sued in such an action after the termination of Federal Control. Nor was this amendment authorized under § 206(d), which related solely to the substitution of the designated Agent as the defendant in a suit which had been previously brought against the Director General to enforce the liability of the Government, that is, merely authorized the substitution, in such a suit, of another Federal agent for the one already before the court. It had no application to suits pending against a railroad company alone in which there was no Federal agent for whom the designated Agent could be substituted, where the substitution of the designated Agent for the railroad company would work an entire change in the cause of action.

These conclusions, we may add, are substantially the same as those of the State courts in *Fahey* v. *Davis,* 224 Mich. 371; *Fischer* v. *Wabash Railway,* 235 N. Y. 568; *Currie* v. *Louisville & Nash. Railroad,* 206 Ala. 402; *Davis* v. *Chrisp,* 159 Ark., *supra;* and *Davis* v. *Industrial Commission* (Ill.), 146 N. E. 569.

It results that the provisions of the Massachusetts General Laws under which the plaintiff was allowed to amend

the writ and declaration so as to substitute the designated Agent as the defendant instead of the Railroad Company, as construed and applied in the present case, are void because of repugnancy to § 206 of the Transportation Act.

The judgment of the Superior Court is reversed, and the cause remanded to that court for further proceedings not inconsistent with this opinion.

*Reversed.*