Matthias, J.
 

 The only question for consideration was raised and presented by the motion of the railroad company for a directed verdict in its favor and adverse to the claim of the consignee for damages caused by delay in the shipment of freight. The plaintiff abandoned its claim for charges entirely. Of course it could not dismiss the action over the objection of the defendant, and in fact made no attempt to do so, but it was not precluded from abandoning its own case, and, by appropriate pleading, challenging the claim made by the cross-petition of the defendant. This it did by its averments that the assertion of defendant’s claim in court was not made within the time required, and further that such suit could not be maintained against plaintiff.
 

 The entire transaction, from which arose this
 
 *440
 
 claim for damages for delay in shipment, occurred in January, 1920, while the railroads, including the lines of the plaintiff company, were being operated and were under the direction and control of the Director General of Railroads. The averment of the plaintiff in its answer to the cross-petition of the defendant, making that specific defense, is not contradicted by the reply of the defendant. That the road at the time in question was not being operated by the company, but was then under federal control, is a fact in the case. The railroad company was not liable for a cause of action which had arisen under federal operation and control. This has been settled by numerous decisions of the United States Supreme Court, the more recent of which are
 
 Mo. Pac. Rd. Co.
 
 v.
 
 Ault,
 
 256 U. S., 554, 41 S. Ct., 593, 65 L. Ed., 1087,
 
 North Carolina Rd. Co.
 
 v.
 
 Lee, Adm’x.,
 
 260 U. S., 16, 43 S. Ct., 2, 67 L. Ed., 104, and
 
 Davis, Agent,
 
 v.
 
 L. L. Cohen & Co.,
 
 268 U. S., 638, 45 S. Ct., 633, 69 L. Ed., 1129 (decided June 8, 1925). It was expressly so decided by this court in
 
 City of Elyria
 
 v.
 
 Meacham,
 
 113 Ohio St., 138, 148 N. E., 689.
 

 By virtue of General Order No. 50, issued by the Director General of Railroads, it was required that any such suit for damages growing out of the possession, use, control, or operation of any railroad by the Director General should be brought against the Director General of Railroads, and not otherwise. Under the Transportation Act, passed in February, 1920, federal control was terminated on March 1, 1920. It was by that act provided that suits and proceedings based on causes of action arising out of possession, use, and
 
 *441
 
 operation of the railroad under federal control, of such character as prior thereto could have been brought against the railroad company, might, after the termination of federal 'control, be brought against the Agent designated by the President for such purpose, but by the terms of that act two years from the passage thereof was fixed as the limit of time within which any such action could be brought. If this suit upon the claim of the defendant could by any possibility be regarded as an action against the Agent of the government, clearly it cannot be maintained, for the reason that it was not brought within the time limited by this act, for as stated by the court in Davis,
 
 Agent,
 
 v.
 
 L. L. Cohen & Co., supra,
 
 268 U. S., 638, 45 S. Ct., 633, 69 L. Ed., 1129:
 

 ‘ ‘ This was the only consent the government had given to being sued in such an action after the termination of federal control.”
 

 Under this same act the designated Agent of the government could be substituted as a defendant only in a suit which had previously been brought against the Director General. This provision, as observed by the court, in the same ease, “ merely authorized the substitution, in such a suit, of another federal agent for the one already before the court.”
 

 It is quite clear, therefore, that suit to recover on the claim of the defendant cannot be maintained unless brought against the designated Agent and within the time limited for such action. This suit was brought neither against the right party nor within the time required.
 
 Fahey
 
 v.
 
 Davis,
 
 224 Mich., 371, 195 N. W., 46;
 
 Fischer
 
 v.
 
 Wabash Ry.
 
 
 *442
 

 Co.,
 
 235 N. Y., 568, 139 N. E., 738;
 
 Currie
 
 v.
 
 Louisville & Nashville Rd. Co.,
 
 206 Ala., 402, 90 So., 313, 19 A. L. R., 675;
 
 Davis
 
 v.
 
 Chrisp,
 
 159 Ark., 335, 252 S. W., 606; and
 
 Davis, Director General,
 
 v.
 
 Industrial Com.,
 
 315 Ill., 341, 146 N. E., 569 .
 

 It is urged, however, that by its conduct the railroad company is estopped to deny its liability. The acts relied upon are disclosed by correspondence, wherein it appears that the claim was filed with the claim agent of the company and was given consideration to an extent such that a suggestion, possibly amounting to a proposal, of settlement was made, but which apparently was not accepted; that such claim agent did not notify the defendant of the absolute refusal of the company to pay the claim until about March, 1922, although the record discloses that a letter was sent to defendant by the claim agent of the company as early as January 27, 1922, stating in effect that the papers supporting his claim were being returned so that he might, if he desired,' protect his interests in accordance with Section 206 of the Transportation Act. During the period referred to, the question of the rights, duties, obligations, and liabilities of railroad companies and shippers, or rather the method of invoking and enforcing them, was in rather a doubtful and uncertain state, and that situation may account for the rather uncertain and vacillating attitude of the representative of the company with reference to this claim; but, when it is conceded, as it must be, that there was no valid claim against the company, and that the company would not have been authorized, much less required, to pay the claim asserted by the defendant, it cannot
 
 *443
 
 by reason of the facts above stated be held liable on the theory of estoppel.
 

 It follows that the trial court should have directed a verdict in favor of the plaintiff, and that court, in overruling such motion, and the Court of Appeals in affirming such action, were in error.
 

 Judgment Reversed, and judgment for plaintiff m error.
 

 Marshall, C. J., Jones, Day, Allen and Kinkade, JJ., concur.
 

 Robinson, J., not participating.