## The Lehigh Valley Cold Storage Company *v.* James C. Davis, Director General of Railroads, as Agent, Appellant.

*Railroads—Freight—Damages for delay in delivery—Director general—Failure to substitute, as party—Statutory period.*

Where an action has been brought against a railroad company for loss caused by delays in transportation during the period of Federal Control, it is error to permit the substitution of the Director General as a party defendant, more than two years after the date of the passage of the Transportation Act.

Argued December 7, 1925. Appeal No. 189, October T., 1925, by defendant, from judgment of C. P. Northampton County, February T., 1925, No. 80, in the case of The Lehigh Valley Cold Storage Company vs. James C. Davis, Director General of Railroads, as agent. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Trespass to recover damages for loss occasioned by delay in transportation. Before STEWART, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,345.21, and judgment thereon. Defendant appealed.

*Error assigned,* was refusal of defendant's motion for judgment non obstante veredicto.

*E. J. Fox,* of *E. J. & J. W. Fox,* for appellant, cited: Northern Pacific R. R. Co. v. the State of North Dakota, 250 U. S. 135; Arkansas Cent. R. Co. v. Mc-Cuen, 149 Ark. 669, 234 S. W. 617; Davis v. Crisp, 252 S. W. 606 (Ark.); Fisher v. Wabash Rwy. Co., 235 N. Y. 568; Griffith v. Davis, 229 Pac. 499 (Okla. Case).

*John D. Hoffman,* for appellee, cited: Hanlon v. Davis, 276 Pa. 113; Molinaro v. Davis, 80 Superior 597; Northern Pacific v. North Dakota, 250 U. S. 135; Globe Fire Ins. v. Hines, Agent, 273 Fed. 774; Florida Etc. v. Davis etc. (71 Pitts. L. J. 577).

OPINION BY LINN, J., February 26, 1926:

This appeal is from judgment for damages caused by delay in freight transportation by the United States Railroad Administration. The shipment moved over the Philadelphia and Reading and the Jersey Central railroads in 1920. Suit was brought January 17, 1922, against the Philadelphia and Reading Railroad Company. That company filed an affidavit of defense denying that it was in the railroad business at the time and averring that plaintiff's transaction was with the federal railroad administration. On October 27, 1924, plaintiff went to trial against the railroad company, and the court below directed a verdict for it, the amount of the damage not being denied. Defendant moved for judgment n. o. v., pursuant to the act of 1905. After that motion was made, plaintiff moved to amend by substituting the federal agent as defend-

ant and for process to bring him in. In response to that motion the agent appeared and denied the power of the court to make him a party on the ground that the statutory period in which suit could be maintained against him had expired. The court below nevertheless granted the motion, substituted the federal agent and entered judgment against him for the amount of plaintiff's verdict originally directed against the company.

Federal control ceased March 1, 1920, pursuant to the Transportation Act of 1920. Sec. 206 prescribed how such suits might thereafter be brought: "Actions at law......based on causes........arising out of the . .,. ...operation by the President of the railroad...... of any carrier........of such character as prior to Federal control could have been brought against such carrier, may after the termination of Federal control, be brought against an agent designated by the President......Such actions. .,.....may, within the periods of limitation now prescribed by the State or Federal statutes, but not later than two years from the date of the passage of this Act, be brought into any court, which but for Federal control would have had jurisdiction of the cause had it arisen against such carrier......." (42 Stat. 392, Barnes Fed. Code Supp. 1923, sec. 10169 g). It will be observed that the attempt to bring in the federal agent occurred "later than two years from the date of the" Transportation Act.

The order of the court cannot be sustained for reasons stated in Davis v. Cohen Company, 268 U. S. 638 (decided since the order appealed from was made). The following quotation from the opinion in that case is pertinent here: "The Railroad Company was not liable for the cause of action that had arisen during Federal Control; the sole liability being that of the Director General as the representative of the Govern-

ment.  Missouri Pacific Railroad v. Ault, 256 U. S. 554, 557.  The original suit against the Railroad Company was not a suit against the Director General, and the service of the original writ upon the Railroad Company did not bring him before the court......

"At the termination of Federal Control there was no suit pending against the Director General to enforce the liability of the Government.  The amendment of the writ and declaration in the suit against the Railroad Company, in October, 1922, by substituting the designated agent as the defendant, was, in effect, the commencement of a new and independent proceeding to enforce this liability.  Being commenced more than two years after the passage of the Transportation Act, it was repugnant to the provision of sec. 206 (a) requiring such an action to be instituted not later than two years after the passage of the Act.  This was the only consent the Government had given to being sued in such an action after the termination of Federal Control.  Nor was this amendment authorized under sec. 206 (d), which related solely to the substitution of the designated agent as the defendant in a suit which had been previously brought against the Director General to enforce the liability of the Government, that is, merely authorized the substitution, in such a suit, of another Federal Agent for the one already before the court.  It had no application to suits pending against a railroad company alone in which there was no Federal agent for whom the designated agent could be substituted, where the substitution of the designated agent for the railroad company would work an entire change in the cause of action."

Accordingly, since plaintiff's action was not properly commenced within the period of limitations prescribed, and stated above, plaintiff is not aided by the amendment to sec. 206 by the act of March 3, 1923, chap. 233,42 Stat. 1443, providing: "(h) Actions, suits,

proceedings and reparation claims, of the character described in subdivision (a), (c) or (d), properly commenced within the period of limitation prescribed, and pending at the time this subdivision takes effect, shall not abate by reason of the death, expiration of term of office, retirement, resignation, or removal from office of the Director General of Railroads or the agent designated under subdivision (2), but may (despite the abatement of the act entitled 'An Act to prevent the abatement of certain actions,' approved February 8, 1899), be prosecuted to final judgment, decree, or award, substituting at any time before satisfaction of such final judgment, decree, or award, the agent designated by the President then in office,'' etc.—Federal Statutes Annotated, 2d Edition, Supplement 1923, page 62.

The judgment is reversed and the record is returned with instructions to re-instate the rules and to discharge the rule to bring in the federal agent and to make absolute the rule for judgment non obstante veredicto.