#### MOSS v. DAVIS, DIRECTOR GENERAL OF RAILROADS

##### (137 S. E., 442)

1. UNITED STATES—ACTION AGAINST AGENT DESIGNATED BY PRESIDENT IS IN LEGAL EFFECT AGAINST UNITED STATES (TRANSPORTATION ACT OF 1920).—Action at law which may be brought against the agent designated by the President under Transportation Act of 1920 (41 Stat., 456) is in legal effect an action against the United States.

2. UNITED STATES—CONDITIONS IMPOSED BY CONGRESS IN AUTHORIZING ACTION AGAINST UNITED STATES MUST BE STRICTLY FOLLOWED.— Since the United States can be sued only with consent of Congress, conditions imposed by Congress in respect to such actions must be strictly followed.

3. UNITED STATES—PROVISION SPECIFYING TIME WITHIN WHICH SUIT MAY BE BROUGHT AGAINST UNITED STATES OPERATES AS CONDITION OF LIABILITY.—Where congressional consent to sue the United States specifies time within which suit may be brought, provision operates as a condition of liability, and not merely as period of limitation.

4. UNITED STATES—NEITHER DIRECTOR GENERAL OF RAILROADS NOR ATTORNEYS MAY WAIVE EXEMPTION OF UNITED STATES FROM JUDICIAL PROCESS.—Neither Director General of Railroads nor his attorneys are authorized to waive exemption of United States from judicial process or to subject United States or its property to jurisdiction of Court in suit brought against its officers.

5. RAILROADS—DIRECTOR GENERAL, DESIGNATED BY PRESIDENT AS AGENT, MUST BE NAMED AS DEFENDANT (TRANSPORTATION ACT OF 1920).— In order to acquire jurisdiction in action against agent designated by President under Transportation Act of 1920 (41 Stat. 456), it was necessary to name Director General as Agent, and sue the person and not agent or agency.

6. RAILROADS—JUDGMENT AGAINST UNITED STATES HELD UNAUTHORIZED, WHERE DIRECTOR GENERAL NAMED AS DEFENDANT RESIGNED, AND AMENDMENT WAS MADE AFTER ACTION WAS BARRED (TRANSPOR-

TATION ACT OF 1920.—Where action was begun against Director General who had resigned almost a year before action was commenced, and attempt was not made to amend so as to make proper Director General party defendant until nearly three years after action had been barred by the Transportation Act of 1290 (41 Stat., 456), no valid judgment could be entered against the United States, since it had never become a party to the action.

7. RAILROADS—CONSENT OF ATTORNEYS FOR DIRECTOR GENERAL TO JUDGMENT IS OF NO EFFECT, WHERE ACTION WAS BARRED (TRANSPORTATION ACT OF 1920.—Consent of attorneys for Director General of Railroads to judgment is of no effect, where action was barred under Transportation Act of 1920 (41 Stat., 456), since consent cannot confer jurisdiction.

Before Bonham and Shipp, JJ., Oconee, October, 1925. Reversed.

Action by W. M. Brown & Son against John Barton Payne and another, wherein W. D. Moss, as receiver, was substituted as plaintiff, and James C. Davis, Director General, was substituted as defendant. Judgment for plaintiff, and defendant appeals. Reversed, and judgment canceled.

*Messrs. Charles Clark, Frank G. Tompkins, and Carey & Hughes,* for appellant, cite: *Suit pursuant to Sec.* 206 *Transportation Act, against the United States:* 8 Fed. (2d), 907; 264 U. S., 456, 462; 68 L. Ed., 788. *Conditions imposed necessary to bring suit strictly followed:* 8 Fed. (2d), 907; 102 U. S., 426, 440; 26 L. Ed., 189; 155 U. S., 163, 166; 39 L. Ed., 108; 265 U. S., 257, 263; 68 L. Ed., 1008. *Provision as to time limit, condition of liability not merely of limitation:* 8 Fed. (d), 907; 123 U. S., 227; 31 L. Ed., 128; 268 U. S., 638; 69 L. Ed., 1129. *Subject to conditions:* 65 U. S., 257, 263; 68 L. Ed., 1008. *No authority to waive exemption:* 126 U. S. Rep., 255. *Agent as such should be named as defendant:* 8 Fed. (2d), 907; 256 U. S., 554, 557; 65 L. Ed., 1087; 268 U. S., 638; 69 L. Ed., 1129. *Suit barred by limitations act:* 8 Fed. (2d), 907; 263 U. S., 710; 68 L. Ed., 518; 289 Fed., 69. *Consent does not confer jurisdiction contrary to statute:* 19 How., 271; 15 L. Ed., 633; 272 Fed., 977–78; 151 U. S., 483, 496; 236 U. S., 622, 667;

199 Pac., 861; 221 Pac., 1069. "Act of February 8, 1899, Ch., 121; 30 Stat., 822; Comp. Stat., 1694; 42 Sup. Ct. Rep., 462; 43 Sup. Ct. Rep., 165; Id., 247. *Amendment of March* 3, 1923, *does not apply:* 221 Pac., 1069; 229 Pac., 499.

*Messrs. Herndon & Thompson,* for respondent.

February 21, 1927.

The opinion of the Court was delivered by Mr. Justice Cothran.

This was an action for alleged overcharges and loss and damage to freight, while the railroads were under federal control, instituted on February 27, 1922, the day before the time for filing such suits expired. The action was brought originally by W. M. Brown & Son against John Barton Payne, Director General of Railroads, as Agent, under Section 206 of the Transportation Act of 1920 (U. S. Comp. St., § 10071¼cc), and Blue Ridge Railway Company.

As a matter of fact, it appears that John Barton Payne, who had been Director General of Railroads, resigned on March 28, 1921, nearly a year before the action was commenced, and James C. Davis was appointed by the President immediately, as his successor, and was so acting when the action was commenced.

On November 28, 1922, the plaintiff, W. D. Moss, was appointed receiver of the· affairs of W. M. Brown & Son, and on October 25, 1924, nearly two years later, an order was signed by his Honor Judge Johnson, substituting the receiver for the original plaintiffs and James C. Davis, Director General, for the original defendant John Barton Payne. Amended pleadings accordingly were duly served.

A demurrer interposed by the Blue Ridge Railway Company to the complaint was sustained, and it passed out of the case. James C. Davis, Director General, as Agent, etc., answered the amended complaint, claiming that the action

as against him was not brought within the time provided by the statute, and was barred.

The case came on for trial at the October term, 1925. The attorneys for Davis, acting upon authority contained in a letter, which they understood referred to this case, but which they found out later was another matter, permitted plaintiff to take a verdict for the amounts claimed in the first and third causes of action with interest at 7 per cent.

Notice of appeal was duly served upon plaintiff's attorneys.

The judgment was reported in the regular way for settlement, and, upon reaching Washington, was immediately turned down, and counsel notified that they had no authority to make settlement, and were directed by Andrew Mellon, Director General and Agent, as successor in office of James C. Davis, Director General and Agent. to move to set aside the void verdict and void judgment improperly entered up against his predecessor in office. This was done upon the affidavit and grounds set out in the " case."

Motion was heard by consent before Judge M. L. Bonham on June 4, 1926. Motion was denied. Notice of appeal from this order was duly served.

The sole question for decision is whether the Court which rendered judgment had jurisdiction of the cause at the time of the rendition of the judgment.

It is settled beyond controversy that an action at law which may be brought against the agent designated by the President under the Transportation Act of 1920 (41 Stat., 456) is in legal effect an action against the United States. *U. S. ex rel. Rauch v. Davis,* 56 App. D. C., 46; 8 F. (2d), 907. *Dupon v. Davis,* 264 U. S., 462; 44 S. Ct., 364; 68 L. Ed., 788.

It is also true that, since the United States can be sued only with the consent of the Congress, the conditions imposed by Congress in respect to such actions must be strictly followed. *U. S. ex rel. Rauch v. Da-*

*vis, supra. McElrath v. U. S.,* 102 U. S., 426, 26 L. Ed., 189. *Schillinger v. U. S.,* 155 U. S., 163; 15 S. Ct., 85; 39 L. Ed., 108. *Davis v. Donovan,* 265 U. S., 257; 44 S. Ct., 513; 68 L. Ed., 1008.

Where the congressional consent to a suit against the United States specifies the time within which suit may be brought, the provision operates as a condition of liability, and not merely as a period of limitation. *U. S. ex rel. Rauch v. Davis, supra. Finn v. U. S.,* 123 U. S., 227; 8 S. Ct., 82; 31 L. Ed., 128. *Davis v. Cohen,* 268 U. S., 638; 45 S. Ct., 633; 69 L. Ed., 1129. *Stanley v. Schwalby,* 162 U. S., 255; 16 S. Ct., 754; 40 L. Ed., 960.

Neither the Director General nor his attorneys is authorized to waive the exemption of the United States from judicial process, or to subject the United States or its property to the jurisdiction of the Court in a suit brought against its officers. Cases cited above.

In order to give the Court jurisdiction, it was necessary to name the Director General as Agent, etc, and sue the person, and not the agent or agency; "the agent, not his official title alone, must be named as defendant." *U. S. ex rel. Rauch v. Davis, supra. Davis v. Cohen,* 268 U. S., 638; 45 S. Ct., 633; 69 L. Ed., 1129.

The plaintiff attempted to comply with this requirement by naming John Barton Payne, who had resigned as Director General almost a year before the action was commenced, and did not name James C. Davis, who was at that time Director General. The attempt to amend the complaint against Payne, served on February 27, 1922, so as to make Davis a party on October 25, 1924, nearly three years after the action had been barred by the act was void, and breathed no life into the dry bones of the valley. *Chrisp v. Davis,* 263 U. S., 710; 44 S. Ct., 36; 68 L. Ed., 518. It follows that the United States never became a party to the action, and that no valid judgment

could be entered against it, and that the judgment entered is therefore void.

In *Davidson v. Payne* (C. C. A.), 289 F., 69, suit was brought against Payne, Director General, as Agent, on April 21, 1921, about three weeks after Payne had vacated office, and was succeeded by Davis. The Court (C. C. A.) said:

"It is a case where John Barton Payne has been sued as such Agent after he had resigned the office, and after his successor * * * had been appointed. * * * Appellant brought suit against the wrong party, and must abide the consequences of his mistake."

See, also, *Davis v. Cohen, supra.*

It is clear that, the matter being jurisdictional in character, the consent of the attorneys to the verdict and judgment cannot avail the plaintiff, and it is well settled that consent cannot confer jurisdiction. *Hipp v. Babin,* 19 How., 271; 15 L. Ed., 633. *St. Louis Co. v. Nix* (C. C. A.), 272 F., 977. *Finn v. U. S.,* 123 U. S., 227; 8 S. Ct., 82; 31 L. Ed., 128. *De Arnaud v. U. S.,* 151 U. S., 483; 14 S. Ct., 374; 38 L. Ed., 244. *Phillips v. R. Co.,* 236 U. S., 662; 35 S. Ct., 444; 59 L. Ed., 774. *Tutsch v. Dir. Gen.,* 52 Cal. App., 650; 199 P., 861. *Vassau v. R. Co.,* 69 Mont., 305; 221 P., 1069.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and that the judgment of that Court upon the verdict be cancelled by the clerk.

Mr. Chief Justice Watts, and Messrs. Justices Blease and Stabler, and Mr. Acting Associate Justice Purdy, concur.