**SCHWARTZ v. METROPOLITAN LIFE INS. CO.**

Civil Action No. 1050.

District Court, D. Massachusetts.

Nov. 3, 1941.

David Short, of Boston, Mass., for plaintiff.

Jeremiah W. Mahoney and Lyne, Woodworth & Evarts, all of Boston, Mass., for defendant.

FORD, District Judge.

There are two motions here: (1) A motion by the plaintiff *to substitute* Ida B. Schwartz, individually, as plaintiff; and (2) a motion *to amend* the complaint by inserting Ida Schwartz as plaintiff.

Benjamin Schwartz is an insane person. Ida B. Schwartz was duly appointed guardian in the Massachusetts State Court and brought this suit to recover total and permanent disability benefits under a policy of life insurance issued on his life. Ida B. Schwartz was named as beneficiary in the policy, hence she now wishes to amend the complaint by naming herself, individually, as plaintiff.

It is apparent that the motion to substitute is brought under the provisions of Rule 25, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. This rule is intended only to cover specific cases where the proper parties have been joined and, because of death, incompetency, transfer of interest, and death or separation from office of public officers, another may be substituted. No one of these exigencies arise here and it is plainly evident that the first motion made—to substitute—should be denied.

The second motion—to amend—presents a more troublesome problem. This motion involves the question as to whether the proposed amendment creates a new cause of action. This court in Third National Bank

& Trust Co. of Springfield, Mass. v. White, 58 F.2d 411, refused to follow Massachusetts state law with respect to substituting a new party—a defendant—citing as its authority Davis v. L. L. Cohen & Co., 268 U.S. 638, 45 S.Ct. 633, 69 L.Ed. 1129. The Davis case involved a suit which had been erroneously brought against a railroad company which, in 1920, was under federal control. An amendment had been allowed after verdict and before final judgment striking out the railroad company and substituting the Director General of Railroads as the party defendant. The court held that the allowance of the amendment would in effect constitute the beginning of a new and independent proceeding (268 U.S. at page 642, 45 S.Ct. 633, 69 L.Ed. 1129), and reversed.

There are some cases where it was held a new suit had not been commenced. In Missouri, Kansas & Texas Railway Co. v. Wulf, 226 U.S. 570, 33 S.Ct. 135, 57 L.Ed. 355, Ann.Cas.1914B, 134, the plaintiff, suing in her individual capacity under a Kansas statute for her son's death, was allowed to.amend and sue as administratrix under the provisions of the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51–59, after the statute of limitations would have barred another action. The court held no new cause of action was commenced; that the change was in form rather than in substance. In United States v. Powell, 4 Cir., 93 F.2d 788, the court allowed an amendment changing the capacity in which a plaintiff sued, because of the fact, as the court held, it did not change the cause of action. These cases are not in point here, as we shall see later.

In all the cases that have been cited, the statute of limitations was involved and all arose before the adoption of the F.R.C.P. There is no statute of limitations involved here. The only effect of not allowing this amendment is to compel the plaintiff to shoulder the expense of a new suit. Why the defendant opposes the motion is difficult to understand, from a practical viewpoint. The insurance company issued the policy. It knows all about its terms and conditions.

It could not in any way be surprised or deprived of any substantial or essential rights. The issues to be tried would be the same. The damages would be the same.

■ But the difficulty here is that the present case is similar to Davis v. L. L. Cohen & Co., supra, and is not a case where one desires to sue in a different capacity as in Missouri, Kansas & Texas Railway Co. v. Wulf, supra. Benjamin Schwartz has no beneficial interest in the present suit. The suit is for the sole benefit of Ida B. Schwartz. It is a new cause of action or, as now designated by Rule 8, F.R.C.P., a new claim for relief.

■ In L. E. Whitham Const. Co. v. Remer, 10 Cir., 105 F.2d 371, it was held that Rule 15(c), F.R.C.P., was not applicable where the amendment introduces a different cause of action. See, also, Schram v. Poole, 9 Cir., 97 F.2d 566, 572.

■ Nor does Rule 21 which concerns misjoinder and non-joinder of parties help the movant. That rule provides for dropping from or adding a party to those already named as parties to the suit. In other words, the rule contemplates the retention of a party or parties after the other party or parties are dropped or before they are added. It is not a rule providing for substitution as is Rule 25.

If the motion were granted it would relate back to the date of the original proceeding and if this could not be done if the statute of limitations had run, I cannot see that it can be done in the event the statute has not run.

So long as Davis v. L. L. Cohen & Co., supra, stands and the Supreme Court refuses to accept the liberal Masssachusetts rule (cf. G.L.Ter.Ed. c. 231 § 51), I feel that this court has no power to allow the amendment proposed. I can find no power given by the F.R.C.P., to allow this amendment and it is denied. Cf. Schram v. Poole, supra; Royal Worcester Corset Co. v. White, D.C., 40 F.Supp. 267, 269; and Phoenix State Bank & Trust Co. v. Bitgood, D.C., 28 F.Supp. 899.