## MESSELT et al. v. SECURITY STORAGE CO. et al.

### Civ. A. 1170.

United States District Court
D. Delaware.
March 30, 1951.

See also, D.C., 10 F.R.D. 509.

William Marvel, of Morford, Bennethum, Marvel & Cooch, of Wilmington, Del., for plaintiffs.

William Prickett of Wilmington, Del., for defendants.

RODNEY, District Judge.

This action was originally instituted in the Superior Court of the State of Delaware in and for New Castle County in October, 1948, against Security Storage Company and Allied Van Lines, Inc. After removal to this court, a motion to dismiss the action was made by the defendants and was granted by this court, but with leave to the plaintiffs to amend their complaint. The amended complaint was filed on November 8, 1949.

The plaintiffs' claims, as stated in the amended complaint, were based upon a storage and subsequent transfer of furniture and other personal property belonging to the plaintiffs from Wilmington, Delaware, to Nevada, in 1945. As against Security Storage Company, it is alleged that that company agreed to pack and prepare for shipment certain personal property of the plaintiffs, and accordingly delivered to the plaintiffs a Uniform Household Goods Order for Service; that Security moved the articles to its warehouse, issuing to the plaintiffs a warehouse receipt, and at a later date agreed to proceed with the shipment of the articles to Nevada pursuant to the plaintiffs' directions; but that Security breached its contract with the plaintiffs in that it failed to arrange for the articles to be stored, packed and shipped in a reasonably careful manner, as a result of which there was damage to and loss of certain of the articles. The claim against Allied Van Lines, Inc. alleges that it (Allied Van Lines) was the initial carrier of the goods; that certain of the articles in question were

344

damaged and lost in transit; and that Allied Van Lines is liable for such damage and loss, pursuant to the provisions of 49 U.S.C.A. 20(11), which impose such liability upon the initial carrier in an interstate shipment.

The plaintiffs have now moved for leave to amend thier complaint again, by adding another defendant, the Firemens Fund Insurance Company, and by adding to the complaint further allegations which are denominated "Third Cause of Action."

The allegations of the proposed amendment are that it appears from the Uniform Household Goods Order for Service which was delivered to the plaintiffs by Security in April, 1945, that the plaintiffs requested Security to obtain All Risks Transit Insurance in the amount of $40,000; that Security "effected said insurance," as agent for Allied Van Lines and issued an Advice of Insurance to Carl I. Messelt, one of the plaintiffs; that the name of the insurance carrier is Firemens Fund Insurance Company; and that the plaintiffs gave prompt written notice of the damage and loss to Security Storage Company, the agent arranging for the insurance; but that no part of the claim has been paid. The plaintiffs, therefore, demand judgment in the amount of the damage and loss against the Firemens Fund Insurance Company.

The defendants Security Storage Company and Allied Van Lines, Inc., have objected to the granting of this motion upon a variety of grounds which will be discussed hereafter.

 It is well settled that the granting or denial of a motion for leave to amend lies in the sound discretion of the court, and that such leave will be given liberally pursuant to the direction of Fed. Rules Civ.Proc. rule 15(a), 28 U.S.C.A., which provides that "leave shall be freely given when justice so requires." In considering the propriety of granting such a motion, it is not generally the function of the court to determine the sufficiency of the

proposed amendment,[1] although such an amendment may not be permitted if it is obviously and palpably insufficient as a matter of law.[2]

It would seem that the plaintiffs' present motion is one that is prima facie sanctioned by the pertinent rules and practice and may be granted by the court, in its sound discretion, in the absence of prejudice to the existing parties or other overriding objections.

 The defendants have argued that if the proposed amendment were allowed, there would be a misjoinder of causes of action, and that what is not permitted at the time of an institution of an action should no be permitted by way of an amendment. Reference is made more particularly to Rule 20(a) which provides for a permissive joinder of parties as defendants. "if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action." The defendants concede in their brief that there is a question of fact common to this action as it now stands and to the asserted claim against Firemens Fund, but they deny that the right to relief arises out of the same transaction, because the events making up the transaction as between the plaintiffs and the present defendants are not identical with those making the transaction between the plaintiffs and Firemens Fund. I have examined the authorities cited by the defendants in support of this proposition,[3] but it does not seem to me that they go to the extent of requiring an absolute identity of all events in order that it may be said that the rights asserted arise out of the same transaction. Here the transaction which is the subject matter of the case as it now stands was the shipment and transfer of the plaintiffs' furniture and other articles from Wilmington, Delaware to Nevada, including claims.

1. Rupe v. Associated Electric Co., D. C., 6 F.R.D. 309.
2. Canister Co. v. National Can Corp., D. C., 6 F.R.D. 613.

3. Gerard v. Mercer, D.C., 62 F.Supp. 28; Fleming v. Whittemore, D.C., 41 F.Supp. 767; F. X. Hooper Co. v. Samuel M. Langston Co., D.C., 56 F.Supp. 577.

for damages against the original defendants for goods lost and damaged in transit. It is contended by the plaintiffs that the arrangements made by them with the defendants included the procuring of insurance on the shipment and that this insurance covered claims for damages for the same goods lost or damaged in the same transaction or shipment. The procuring of the insurance was connected with the transaction and the claim concerning the insurance against the new party defendant is asserted in connection with the same transaction involving the original defendants, even though the liability of the original defendants, if any, may not be in any way dependent upon the issuance or existence of the insurance coverage.

I conclude, therefore, that the allowance of the proposed amendment would not result in a misjoinder of parties or claims.

■ A further objection of the defendants is based upon the fact that when this court gave leave to the plaintiffs to amend their complaint at the time that the defendants' motion to dismiss was granted, it stated in its opinion that "One, but only one, further opportunity will be given plaintiffs to prepare a proper complaint." The defendants argue that this is now the law of the case and that no further amendments may be permitted. A reading of the opinion in question shows unquestionably that the quoted words merely had reference to an amendment which would have for its object the proper statement of a claim by the plaintiffs against the present defendants. Clearly it does not and was not intended to preclude the allowance of an amendment such as the one that the plaintiffs now seek to make.

■ The defendants also contend that the proposed amendment fails to allege facts showing that this court has jurisdiction of the alleged claim against Firemens Fund. If the proposed amendment is read in conjunction with the complaint as it now stands, it clearly appears from the allegations that the plaintiffs are residents of Nevada; that Firemens Fund is alleged to be a California corporation and that the amount of the claim against the latter is over $3,000. In any event objection on this score may be raised by Firemens Fund if and when such objection becomes advisable.

The last ground of objection urged by the defendants is that the proposed claim against Firemens Fund is barred by the applicable statute of limitations as well as by a one-year limitation which appears in the advice of insurance. Both parties have argued at some length the question whether this amendment, if allowed, would relate back in time to the commencement of the original action pursuant to the terms of Rule 15(c). The plaintiffs have taken the position that the amendment would relate back by reason of the fact that Firemens Fund has, as plaintiffs contend, had notice of this claim from the start and has in fact been present and represented in this litigation from the outset, and they rely for authority on such cases as Williams v. Pennsylvania R. Co., D.C., 91 F. Supp. 652.

In the view which I take of the matter, however, it is not necessary to resolve this question now. I recognize that there have been a number of holdings or statements in the cases to the effect that an amendment seeking to bring in a new party or claim after the running of the applicable statute of limitations will not be permitted.[4] An examination of these cases shows that some, if not most of them, were concerned with statutes which established a period within which the action had to be brought as a condition precedent to the right of maintaining the suit, rather than with a statute of limitations setting up a personal defense to the action.[5] Hence the refusal to allow the amendment in such cases was

4. Davis v. L. L. Cohen Co., 268 U.S. 638, 45 S.Ct. 633, 69 L.Ed. 1129; Royal Worcester Corset Co. v. White, D.C., 40 F. Supp. 267; Sanders v. Metzger, D.C., 66 F.Supp. 262; and other cases cited therein.

5. This seems to have been the case in Davis v. L. L. Cohen Co., supra, note 4, as well as in several of the other cases on this point.

based in reality on the failure to meet this condition precedent to the right to bring the action. In the present case, the nature of the asserted statute of limitations and of the limitation in the policy has not been argued by the present parties and, of course, not by that party sought to be joined herein and particularly to be affected by the limitation. Firemens Fund has not appeared in this litigation, and counsel for the two present defendants expressly disclaimed any right or intention to speak for it at the argument on this motion. The plaintiffs appear to contend that there are circumstances in this case which may have the effect of obviating the operation of the limitation in the advice of insurance or that created by statute. Without, in any way, passing on these circumstances, there does remain the claim that the suggested defense may not be available to Firemens Fund.

My conclusion, therefore, is that this court is not precluded by any of the matters suggested by the defendant from granting the motion to amend. The allowance of the motion will not be clearly prejudicial to the present defendants. It is true that the attempt to make Firemens Fund a party and to assert a claim against it comes after a considerable lapse of time. However, this case is not, it appears, on the eve of trial, and it is not apparent that some slight delay which may be occasioned by the allowance of the amendment will be material.

In deciding to grant the plaintiff's motion, I have purposely refrained from determining whether the amendment will relate back in time under the provisions of Rule 15(c). This point can be more appropriately raised by Firemens Fund, if and when it in fact becomes a party. The plaintiffs' motion will, therefore, be granted, but with an express reservation of the right in Firemens Fund to raise any and all defenses to the asserted claim that it may see fit to raise, including those given or arising out of any applicable statute of limitations or limitation contained in the advice of insurance and without prejudice to the right of Firemens Fund to take the position that the amendment does not relate back in time to the commencement of the original action.

An order accordingly may be submitted.