In re Stephen HOPKINS, f/k/a Steps Realty Trust, Debtor.

Stephen M. RICHMOND, Trustee, Plaintiff,

v.

Joseph LEONARD and New Bedford Gas & Edison Light Co., Defendants.

Bankruptcy No. 79–621–JG.

United States Bankruptcy Court, D. Massachusetts.

June 6, 1980.

Leonard Alfonso, North Dartmouth, Mass., for intervenor Irving Bookstein

Gargill, Sassoon & Rudolph, Boston, Mass., for plaintiff trustee.

Richard J. Morrison, Cambridge, Mass., for defendant New England Gas & Electric Co.

Richard J. Piazza, Teaticket, for defendant Joseph Leonard.

## MEMORANDUM AND ORDER

JAMES N. GABRIEL, Bankruptcy Judge.

This is an action by the Chapter XII Trustee of the estate of Stephen Hopkins alleging a first lien on security deposit payable to Joseph Leonard, held by New Bedford Gas and Edison Light Company (Company). Irving Bookstein, intervenor, seeks to establish priority of his claim, ahead of the trustee, to those funds.

On April 4, 1979 Steps Realty Trust, later amended to Stephen Hopkins, filed a petition under Chapter XII. Stephen Richmond was appointed trustee by this court on April 4, 1979.

On September 27, 1979, Joseph Leonard executed a Management Agreement with the trustee for the purpose of operating the inn and restaurant (Inn) formerly operated by the debtor. Prior to commencing operation of the Inn, Mr. Leonard was required to place a security deposit with New Bedford Gas & Light Company (Company) before said Company would reinstitute electrical service to the Inn. A deposit in the amount of $4,000 was proffered, from which an outstanding balance of $3,000 remains.

The trustee has alleged that Mr. Leonard defaulted on his Management Agreement, and despite numerous demands, failed, refused and neglected to make appropriate payments to the trustee.

On October 15, 1979 the Trustee obtained a temporary restraining order against New England Gas and Electric Association (Association) prohibiting the utility from paying the balance of the deposit to Joseph Leonard. (A preliminary injunction issued on October 24, 1979). Mr. Richard Morrison, staff attorney for the Association was given telephonic notice of the entry of the ex parte order immediately after its issuance by the bankruptcy court. At that time Mr. Morrison notified the Field Officer of the Gas Company not to pay any money to Joseph Leonard as per court order, and upon advice of counsel.

The Company is a wholly owned subsidiary of the Association. Legal services for both are provided by the Association. Therefore, upon notice of the restraining order, Mr. Morrison also informed the attorney for the trustee that the proper party to the trustee's action was the Company rather than the Association. The trustee thereafter submitted an application to amend his complaint and change the named defendant from Association to the Company. Said amendment was allowed on November 1, 1979.

Meanwhile, on October 12, 1979, Irving Bookstein brought a civil action in Bristol County Superior Court, docket number 9572, against Joseph Leonard and New Bedford Gas and Electric Light Company (Company). Therein Mr. Bookstein alleged that the funds being held by the Company were advanced by him to Mr. Leonard as a result of false representations and inducements. The Superior Court issued a preliminary injunction against the Company on October 18, 1979. Mr. Morrison, representing the named defendant, was immediately notified of the entry of said order.

Subsequently, on February 5, 1980, Irving Bookstein moved to intervene in the bank-

ruptcy court in the suit by the Trustee v. Joseph Leonard and the Company (as amended). On the same date Mr. Bookstein filed an application with this court to establish a priority of his claim.

The motion to intervene was allowed on March 25, 1980. An agreed statement of facts were submitted to this court by the parties and oral arguments were heard on the issue of the priority of the parties' respective liens on April 24, 1980.

The singular issue before this court is which moving party was first to establish an equitable lien on the funds held by the Company.

■ According to Massachusetts law, an injunction restraining a third party from disbursement of funds gives rise to an equitable lien. *Snyder v. Smith*, 185 Mass. 58, 69 N.E. 1089; *Davis v. Continental Realty Co.*, 320 Mass. 428, 430, 69 N.E.2d 671; *Sexton v. Kessler & Co.*, 225 U.S. 90, 32 S.Ct. 657, 56 L.Ed. 995.

■ Irving Bookstein obtained an injunction against the Company on October 18, 1979. The trustee obtained a temporary restraining order against the Association on October 15, 1979, which on November 1, 1979, was amended to name the Company as the proper defendant. Applicable law holds that the date of actual notice to the restrained party perfects the attachment. Fed.R.Civ.P. 65d; Mass.R.Civ.P. 65d; Bankr.R. 765. The parties have stipulated that actual notice was given on the dates of issuance of the respective orders.

The trustee contends that he sued the correct party, but used the wrong name of that party. He argues that Fed.R.Civ.P. 15(a) and (c), as made applicable by Bankruptcy Rule 715 controls, and thus the amendment merely corrected a misnomer and relates back to the original date of filing:

> Rule 15(c): Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading, the amendment relates back to the date of the original pleading.

An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and . . . the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

The intervenor, Mr. Bookstein, argues that the amended complaint constituted a substitution of a new defendant for the original defendant resulting in a new cause of action as of November 1, 1979—the date of the amendment.

This court agrees with Mr. Bookstein's contention that Fed.R.Civ.Proc. 25, as incorporated by Bankr.R. 725, governing substitution of parties "is intended only to cover specific cases where the proper parties have been joined and, because of death, incompetency, transfer of interest, and death or separation from office of public officers, another may be substituted." *Schwartz v. Metropolitan Life Ins. Co.*, 2 F.R.D. 167 (D.Mass., 1941).

Furthermore, Rule 21, Federal Rules of Civil Procedure and Bankruptcy Rule 721 do not apply. This rule governing misjoinder and non-joinder was adopted to obviate the harsh common-law adherence to technical rules of joinder. *Halladay v. Verschoor*, 381 F.2d 100 (8th Cir., 1967); *Kerr v. Compagnie De Ultramar*, 250 F.2d 860 (2nd Cir., 1958). "Rule 21 was not adopted to give relief to a plaintiff who sues the wrong party, but to a plaintiff who sues too many parties, or not enough parties." *U.S. v. Swink*, 41 F.Supp. 98 (E.D.Va., 1941). In *Swink*, the court clearly enunciated that the party which the plaintiff intended to substitute for the named defendant simply was not, and could not be, a proper party defendant to the lawsuit. *Id.* at p. 101.

Mr. Bookstein has made no attempt to argue the applicable legal precedents of Fed.R.Civ.P. 15, except to flatly deny that Rule 15 applied in this situation. This court

does not agree. Clearly the trustee did amend his original complaint. Rule 15 contains the applicable law.

Unquestionably, the amended complaint would relate back to the date of the original complaint if the effect of the amendment was merely to correct a misnomer. *Godfrey v. Eastern Gas & Fuel Associates*, 71 F.Supp. 175 (D.C.Mass., 1947); *Sanders v. Metzger*, 66 F.Supp. 262 (D.C.Pa., 1946); *McDowell v. Kiehel*, 6 F.2d 337 (3rd Cir.).

 However, if the effect of the amendment was to bring into the case a new party defendant, the amendment will not relate back. *Davis v. L.L. Cohen & Co.*, 268 U.S. 638, 45 S.Ct. 633, 69 L.Ed. 1129 (1925); *Royal Worcester Corset v. White*, 40 F.Supp. 267 (D.C.). An amendment bringing in new parties, as contrasted with one correcting misnomer of a party already before the court, does not relate back . . but is akin to the institution of a new action against the new parties. *Davis v. L.L. Cohen & Co.*, 268 U.S. 638, 45 S.Ct. 633, 69 L.Ed. 1129 (1925); *Messelt v. Security Storage Co.*, 14 F.R.D. 507 (D.C.Del., 1953); *Schram v. Poole*, 97 F.2d 566 (9th Cir., 1938).

This court must make a singular determination of fact. On October 15, 1979 was the company, the party holding the deposit funds, properly before the Bankruptcy Court?

The trustee's action, in the first instance, was brought against the Association. The importance of this fact is reflected in the case of *Davis v. L.L. Cohen & Co.*, supra, where action was brought against a railroad company and service was made upon a local officer. A motion to substitute the Director General as a defendant was denied even though the railroad was in his hands when the cause of action arose, and despite the fact that service on the same local officer would have been a proper service on the Director General.

To say that on October 15, 1979 the Company was in this court is contrary to the plain fact. The coincidence that Mr. Morrison was competent to receive service on behalf of the Company as well as the Association is immaterial, for the Company was not bound to take cognizance of the restraining order against the Association. Here the plaintiff's amendment serves to substitute for the defendant a different party, the Company, a legal entity which was not in court at the time the temporary restraining order was issued.

Although the fact pattern herein closely parallels that in *Godfrey*, supra, the instant case can be distinguished. The facts in *Godfrey* overwhelmingly indicate a case of misnomer rather than a mistake of parties.

It is my conclusion that the trustee's amendment brought in a new party and amounted to a new cause of action as of November 1, 1979, the effective date of amendment. Therefore, I find that as between the trustee and Mr. Bookstein, the intervenor's equitable lien has priority.