The **PRUDENTIAL INSURANCE COMPANY OF AMERICA**, et al., Plaintiffs,

v.

**BMC INDUSTRIES, INC.**, Defendant.

**BMC INDUSTRIES, INC.**, Third-Party Plaintiff,

v.

The **FIRST BOSTON CORPORATION**, Third-Party Defendants.

No. 85 Civ. 4881 (RWS).

United States District Court, S.D. New York.

Jan. 30, 1987.

See also, 113 F.R.D. 100.

## MEMORANDUM OPINION

SWEET, District Judge.

Plaintiffs have moved for an order pursuant to Rules 15(a) and 20 of the Federal Rules of Civil Procedure permitting them to file a third amended complaint to add as a plaintiff Atlantic Richfield Co. ("Atlantic Richfield"), acting as the Sponsor, Administrator and Named Fiduciary for the Retirement Plans of Atlantic Richfield and certain of its subsidiaries. For the reasons discussed below, the motion is denied.

Plaintiffs filed the complaint in this action on June 25, 1986, seeking rescission of Note Agreements under which BMC Industries, Inc. ("BMC") was lent $30,000,000 by plaintiffs on December 13, 1984 in exchange for certain securities. Plaintiff State Street Bank and Trust Company ("State Street"), as Master Trustee for the Retirement Plans of Atlantic Richfield and certain of its subsidiaries, was the purchaser and legal owner of $3,000,000 of the $30,000,000 in securities.

In the original complaint, plaintiffs sought relief under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 promulgated thereunder, and for common law rescission. In the second amended complaint filed in July, 1986, plaintiffs added a claim under Section 12(2) of the Securities Act of 1933. In its answer to the second amended complaint, BMC pleaded as its twenty-fifth defense that State Street was barred from recovery because it had had no communications with BMC and had been directed in its investment by Atlantic Richfield. In response to this defense, plaintiffs seek to add as a plaintiff Atlantic Richfield, whose employees both communicated directly with BMC prior to the closing of the transaction and directed the investment.

After an answer has been served, Fed.R. Civ.P. 15(a) provides that:

> a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Rule 20 of the Federal Rules permits joinder of parties as plaintiffs "if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action."

■ Although leave to amend "shall be freely given," it is inappropriate to grant leave when the amendment would not survive a motion to dismiss. To have standing to bring an action under Rule 10b–5 a plaintiff must be a purchaser or seller of securities. *Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975). It is undisputed that it was State Street, not Atlantic Richfield, that purchased the BMC securities and who is the "legal" or "record" owner of the securities. Nevertheless, Atlantic Richfield argues that it falls within the doctrine of law that recognizes the

standing of a beneficiary of a trust to bring a securities fraud claim even when the securities were technically purchased by the beneficiary's trustee. *See, e.g., James v. Gerber Products Co.,* 483 F.2d 944 (6th Cir.1973); *Gross v. Diversified Mortgage Investors,* 431 F.Supp. 1080 (S.D.N.Y.1977), *aff'd,* 636 F.2d 1201 (2d Cir.1980); *Heyman v. Heyman,* 356 F.Supp. 958 (S.D.N.Y. 1973); *see also, e.g., Norris v. Wirtz,* 719 F.2d 256, 259 (7th Cir.1983) (trust beneficiary treated as seller "even though she did not—and indeed could not—personally perform the mechanics of the sale").

■ In the cases cited above, however, the trust beneficiaries were not only participants in the purchase or sale, but also were the parties actually harmed by the securities transaction in question and as such were *de facto* sellers or purchasers. *See, e.g., Gross v. Diversified Mortgage Investors, supra,* 431 F.Supp. at 1093. In this case the entities actually harmed are the retirement plans and the employees for whose benefit they were established. While it is true that the retirement plans act through their Administrator and Sponsor and Named Fiduciary, Atlantic Richfield, this court would have to go beyond the cited cases to conclude that Atlantic Richfield has standing to sue as well. Atlantic Richfield is not an injured party "whose interests the statute was designed to safeguard." *Heyman v. Heyman, supra,* 356 F.Supp. at 966.

Because this court concludes that Atlantic Richfield lacks standing to sue, the motion to amend the complaint to add Atlantic Richfield as a plaintiff is denied.[1]

IT IS SO ORDERED.

---

1. While Atlantic Richfield cannot sue in its own right, it would appear that a misrepresentation made to Atlantic Richfield is the equivalent of a misrepresentation made to State Street. At the present time, however, the validity of the twenty-fifth defense has not been briefed and is not before this court.