**In re SCHWARTZ & MEYERS, Debtor.**

**J. Frederic LOHMAN, Plaintiff,**

v.

**SCHWARTZ & MEYERS, Defendant.**

**Bankruptcy No. 84 B 11308 (TLB).**
**Adv. No. 85–6565A.**

United States Bankruptcy Court,
S.D. New York.

Feb. 9, 1988.

Cohn & Blau, New York City by Ian Lowell Heller, for plaintiff.

White & Case, New York City by James Laughlin, for Joseph J. Schwartz.

Stults & Marshall, New York City by Melvin Greenberg, for William Meyer.

## DECISION AND ORDER ON MOTION TO AMEND COMPLAINT AND CROSS MOTION TO DISMISS

TINA L. BROZMAN, Bankruptcy Judge.

J. Frederic Lohman seeks permission to amend his complaint to substitute two new defendants, Joseph Schwartz and William Meyers, for the partnership which Lohman has sued.[1] Unless the amendment relates back to the date the original complaint was served, it is time-barred. This request for relief is premised upon Bankruptcy Rules 7015, 7019 and 7021, and the analogous Federal Rules of Civil Procedure 15, 19 and 21. Schwartz cross moves to dismiss the amended complaint for failure to state a cause of action upon which relief can be granted pursuant to Bankruptcy Rule 7012 and Federal Rule of Civil Procedure 12 or, in the alternative, for summary judgment pursuant to Bankruptcy Rule 7056 and Federal Rule of Civil Procedure 56.

In September 1984 Schwartz & Meyers, the partnership, and Joseph Schwartz and William Meyers, its partners, all filed separate petitions for reorganization under Chapter 11. In April 1985, all the cases were converted to Chapter 7. On September 3, 1985 Lohman filed this adversary proceeding against the partnership, seeking to declare his debt nondischargeable pursuant to § 523 of the Bankruptcy Code. Both partners were served with the complaint. Schwartz, at that time *pro se*[2], filed an answer which included the defenses of lack of personal jurisdiction and failure to join necessary parties. Mr. Meyers also filed an answer, *pro se* for the partnership, which raised the statute of limitations as a defense, among other things. On March 13, 1986, Lohman served a notice of motion to amend the complaint to add Mr. Schwartz and Mr. Meyers as parties in their individual capacity. Both Mr. Schwartz and Mr. Meyers oppose this motion.

---

**1.** On September 16, 1986, my colleague Howard Buschman held timely the filing of Lohman's complaint. Although there was pending at that time Lohman's motion to amend, which was returnable on September 15, 1986, it does not appear that the motion was pressed or that Judge Buschman determined it.

**2.** Both Messrs. Schwartz and Meyers now have *pro bono* counsel.

■ Federal Rule of Civil Procedure 15 governs the amendment of complaints. Pursuant to Rule 15(a), which is to be construed liberally, the court has broad discretion to permit amendments. *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). But an amendment which is legally insufficient on its face it should not be allowed. *Prudential Insurance Co. v. BMC Industries Inc.,* 655 F.Supp. 710 (S.D. N.Y.1987); *S.S. Silberblatt, Inc. v. East Harlem Pilot Block–Building 1 Housing Development Fund Co., Inc.,* 608 F.2d 28 (2d Cir.1979). Here, the parties agree that if the amendment does not relate back to the date the original complaint was filed it is barred by the applicable statute of limitations.

We look to Rule 15(c), which prescribes a three-pronged test for relation-back of an amendment changing the party against whom the claim is asserted. First, the claim or defense in the amended pleading must have arisen out of the same conduct or transaction in the original pleading. Second, within the applicable statute of limitations the party to be brought in must have received such notice of the action that he will not be prejudiced in maintaining his defense. And third, within the applicable statute of limitations that party must or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him. Since the amended complaint here changes nothing but the identity of the defendants and since Messrs. Schwartz and Meyers received notice of the original pleading, we need not pause until we reach the third requirement.

■ Rule 15(c) is generally applied to permit the correction of technical pleading errors such as the correction of misnomers or mistakes concerning the identity of a party. *See Howard v. Penn Central Transportation Co.,* 87 F.R.D. 342 (N.D. Ohio 1980); *D'Iorio v. Adonizio,* 554 F.Supp. 222 (M.D.Pa.1982); *Malmrose v. Aljoe's Estate,* 92 F.R.D. 490 (W.D.Pa. 1981). But where there was no misnomer or misdescription and the plaintiff knew the identity of the party he seeks to add as a party, Rule 15(c) should not be read to permit the relation back. Relation back under such circumstances would wholly undercut the statute of limitations. *See Marlowe v. Fisher Body,* 489 F.2d 1057, 1064 (6th Cir.1973) (an "amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations"), citing *United States v. Western Casualty & Surety Co.,* 359 F.2d 521, 523 (6th Cir. 1966); *Wood v. Worachek,* 618 F.2d 1225, 1230 (7th Cir.1980) ("in the absence of a mistake in the identification of the proper party, it is irrelevant for the purposes of Rule 15(c)(2) whether or not the purported substitute party knew or should have known that the action would have been brought against him"). As the court observed in *Graves v. General Insurance Corp.,* 412 F.2d 583, 585 (10th Cir.1969) "Substitution of a completely new defendant creates a new cause of action. Permitting such procedure would undermine the policy upon which the statute of limitations is based. Professor Moore states the general rule as being that '15(c) will not apply to an amendment which substitutes or adds a new party or parties for those brought before the court by the original pleadings whether plaintiff or defendant.' 3 Moore Par. 1515[4.1], p. 1041."

*See Richmond v. Leonard (In re Hopkins )* 4 B.R. 590, 593 (Bankr.D.Mass.1980) ("An amendment bringing in new parties, as contrasted with one correcting misnomer of a party already before the court, does not relate back ... but is akin to the institution of a new action against the new parties.") citing *Davis v. L.L. Cohen & Co.,* 268 U.S. 638, 45 S.Ct. 633, 69 L.Ed. 1129 (1925); *Messelt v. Security Storage Co.,* 14 F.R.D. 507 (D.Del.1953); *Schram v. Poole* 97 F.2d 566 (9th Cir.1938); *Ingenito v. Bermec Corp.,* 441 F.Supp. 525 (S.D.N.Y.1977) (Rule 15(c) has no application where party seeks to add a new defendant after the limitations period has run.)

■ Here neither Mr. Schwartz nor Mr. Meyers was named as a party to the original complaint. Lohman intended to name the partnership when he served the com-

plaint and only later realized that he had named a party from whom it was impossible to obtain the requested relief. Lohman's amendment would create a new cause of action against two new parties.

Moreover, it has been held that the "plaintiff's own inexcusable neglect is a proper consideration [in a Rule 15(c) motion.] ... 'The burden of finding the proper defendant is on the plaintiff. Plaintiff cannot toll the running of the statute of limitations by filing a complaint against [the wrong party]. This is especially true when plaintiff's failure to discover the proper defendant is plaintiff's own doing and is not caused by any misconduct of the defendant.'" *Bruce v. Smith*, 581 F.Supp. 902, 906 (W.D.Va.1984) quoting *Jacobs v. McCloskey & Co.*, 40 F.R.D. 486 (E.D.Pa. 1966); *see also* 6 C. Wright & A. Miller *Federal Practice and Procedure* § 1498 at 516 (1971); *cf. King & King Enterprises v. Champlin Petroleum Co.* 446 F.Supp. 906, 913 (E.D.Okl.1978) (where party knew about the facts on which the proposed amendment was based, but omitted necessary allegations from the original complaint, amendment is disallowed). Lohman's apparent failure to learn that only an individual chapter 7 debtor can receive a discharge is what prompted this corrective motion and does not serve as a proper predicate to allow an out-of-time amendment.

In the bankruptcy context, where the complaint sought to be amended relates to the dischargeability of a debt, we must be particularly cautious. There are strong policy reasons for imposing time limits on the filing of complaint objecting to the dischargeability of a debt. A discharge in bankruptcy is intended to give the debtor a fresh start. H.R.Rep. No. 595, 95th Cong., 1st Sess. 384–85 (1977), U.S.Code Cong. & Admin.News 1970, p. 5787. Thus a complaint objecting to discharge of a debt pursuant to § 523(a)(2), (4), or (6) must be filed "not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a)." Rule 4007(c). To

permit careless plaintiffs the right to pursue debtors "'*ad infinitum* by a succession of amendments would be to sanction a form of slow torture' contrary to the spirit and purposes of the bankruptcy laws." *Maine Bonding & Casualty Co. v. Grant* (*In re Grant*) 45 B.R. 262, 264 (Bankr. Maine 1984), quoting *In re Fehrle*, 34 B.R. 974, 975 (Bankr.W.D.Ky.1983).

Accordingly, the plaintiff's motion to amend the complaint is denied.[3] IT IS SO ORDERED.

---

**3.** Because plaintiff's motion to amend is denied and Mr. Schwartz is not a party to this action, we need not address the motion to dismiss.