Anthony CURATOLA, Linda Curatola in their own right and as shareholders of 18 East 17th Street Owners, Inc., Plaintiffs,

v.

Guy RUVOLO, Kathryn Philippe, Laura Parkins and 18 East 17th Street Owners, Inc., Defendants.

No. 96 Civ. 5146 (LMM).

United States District Court, S.D. New York.

Jan. 3, 1997.

Edward Rudofsky, Zane and Rudofsky, New York City, for plaintiffs.

Kenneth Lapatine, Camhy Karlinsky & Stein, New York City, for defendants.

McKENNA, District Judge.

Plaintiffs Anthony and Linda Curatola brought this action against defendants, 18 East 17th Street Owners, Inc. and members of its board of directors for breach of fiduciary duty. Plaintiffs now move to toll the period within which plaintiffs would otherwise be required to cure their lease default, for leave to amend and supplement their complaint, and to disqualify defendants' counsel.

## I. Factual and Procedural Background

Plaintiffs Anthony and Linda Curatola (the "Curatolas") are owners of 100 of the 850 shares of the defendant corporation, 18 East 17th Street Owners, Inc., and have possession of the fifth floor of the commercial cooperative building located at that address (the "building"). Defendant, 18 East 17th Street Owners, Inc. (the "Cooperative Corporation"), is a corporation organized under the laws of New York which owns and operates the building. Laura Parkins and the other individual defendants are or were at one time members of the Board of Directors of the Cooperative Corporation.

The present case arises out of a continuing dispute between the Curatolas and the Cooperative Corporation. Plaintiffs have been served with a notice of default due to their failure to pay assessments and to reimburse the Cooperative Corporation for legal fees. Plaintiffs have alleged that this failure to make payment is due to defendants' fraudulent conduct which amount to numerous breaches of fiduciary duty by the Cooperative Corporation and the individual defendants.[1]

This case was removed by the defendants pursuant to 28 U.S.C. § 1441(b) due to the newly asserted claim contained in the proposed amended complaint alleging a violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et seq.* ("RICO"). This proposed claim is the only basis under which this Court would have subject matter jurisdiction.

For the reasons stated below, this Court has determined that the motion to amend the complaint with respect to the addition of a RICO claim must be denied for failure to state a claim upon which relief can be granted. *See Prudential Ins. Co. of America v. BMC Indus., Inc.,* 655 F.Supp. 710, 711 (S.D.N.Y.1987). Therefore, as no federal claim has been properly pled, this Court does not have jurisdiction to determine the remaining motions.

---

**1.** Throughout this ongoing dispute between the parties, the Curatolas have received numerous notices of default and termination; however, they continue to occupy the premises.

## II. Proposed RICO Claim

 In their proposed amended complaint, the Curatolas allege that defendant Parkins, aided and abetted by proposed additional defendant Camhy, Karlinsky & Stein LLP ("CK & S"), "repeatedly used the facilities of the United States Postal service to transmit letters and other items of correspondence in furtherance of a scheme or artifice to defraud ..." (Proposed Amended Complaint ¶ 121), through which Parkins acquired or maintained an interest or control in an enterprise, namely the Cooperative Corporation, in violation of RICO, 18 U.S.C. § 1962(b) (Proposed Amended Complaint ¶ 128). In order to state a claim under RICO, the plaintiff must allege:

> (1) that the defendants (2) through the commission of two or more acts (3) constituting a "pattern" (4) of "racketeering activity" (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an "enterprise" (7) the activities of which affect interstate commerce.

*Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 17 (2d Cir.1983), *cert. denied*, 465 U.S. 1025, 104 S.Ct. 1280, 79 L.Ed.2d 684 (1984). The Curatolas claim that Parkins and CK & S have engaged in mail fraud in violation of 18 U.S.C. § 1341 constituting the pattern of racketeering activity. However, the Curatolas fail to allege facts sufficient to state a claim under RICO predicated by acts of mail fraud.[2]

The Curatolas claim that defendant Parkins, aided and abetted by CK & S, has committed mail fraud by (a) the mailing of a notice of default on or about September 19, 1995, based in part on a July 1995 CK & S bill and August 1995 legal fee assessment, (b) the mailing of a notice of termination on October 2, 1995, and (c) the mailing of a phony, back-dated CK & S invoice on or about June 3, 1996. (Proposed Amended Complaint ¶ 126.)

 RICO Section 1964(c) provides for a private cause of action for "[a]ny person injured in his business or property by reason of a violation of section 1962." 18 U.S.C. § 1964(c). In order to have standing, a plaintiff must show 1) a violation of § 1962, 2) injury to business or property, and 3) causation of the injury by the violation. *Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 23 (2d Cir.1990). The injury must be proximately caused by a pattern of racketeering activity violating Section 1962 or by individual RICO predicate acts. *Id.*; *Sperber v. Boesky*, 849 F.2d 60, 64 (2d Cir. 1988). Even if the plaintiff's injuries are factually caused by defendant's alleged RICO violations, they must be a foreseeable natural consequence sufficient for proximate causation for the imposition of liability. *Hecht*, 897 F.2d at 24.

 When mail fraud is pled as a RICO predicate act, to establish the required causal connection a plaintiff must show reliance on the defendant's misrepresentations and injuries caused by that reliance. *Metromedia Co. v. Fugazy*, 983 F.2d 350, 368 (2d Cir. 1992), *cert. denied*, 508 U.S. 952, 113 S.Ct. 2445, 124 L.Ed.2d 662 (1993); *County of Suffolk v. Long Island Lighting Co.*, 907 F.2d 1295, 1311 (2d Cir.1990); *Moeller v. Zaccaria*, 831 F.Supp. 1046, 1054 (S.D.N.Y. 1993).[3] The Curatolas have not claimed that any misrepresentations contained in the mailings were relied upon. According to the plaintiffs, they consistently acted contrary to the allegedly fraudulent notices, recognizing them as part of the defendants' scheme.

The Curatolas have also failed to allege damage that was proximately caused by the mail fraud. A "plaintiff only has standing if, and can only recover to the extent that, he

---

2. In order to state a claim for mail fraud under 18 U.S.C. § 1341 a plaintiff must allege 1) the existence of a scheme or artifice to defraud; 2) for the purpose of obtaining money or property; and 3) the use of the mails in furtherance of that scheme. *United States v. Altman*, 48 F.3d 96, 101 (2d Cir.1995); *United States v. Wallach*, 935 F.2d 445, 461 (2d Cir.1991), *cert. denied*, 508 U.S. 939, 113 S.Ct. 2414, 124 L.Ed.2d 637 (1993).

3. Although detrimental reliance is not an element of mail or wire fraud claims generally, in order to state a RICO claim based on these predicate acts, a plaintiff must prove that its injuries are a result of reliance upon the fraud. *Shaw v. Rolex Watch U.S.A., Inc.*, 726 F.Supp. 969, 972 (S.D.N.Y.1989).

has been injured in his business or property by the conduct constituting the violation." *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985). The compensable injury is the harm caused by the predicate acts sufficiently related to constitute a pattern. *Id.* at 497, 105 S.Ct. at 3285. In the present case, the plaintiffs claim that they have been damaged by being caused to make expenditures for legal fees to "defend against Parkins' scheme ..." (Proposed Amended Complaint ¶ 131.) Even if such expense would not have been sustained "but for" the alleged mail fraud, it was not proximately caused by the alleged RICO activity.

Therefore, accepting as true the allegations set forth in the complaint, for the reasons set forth above, plaintiffs have failed to allege damage to their business or property proximately caused by the alleged RICO violation sufficient to confer standing to assert such a claim. The motion to amend to add a claim under RICO is denied because this proposed amendment fails to state a claim upon which relief can be granted.

### III. Conclusion

For the foregoing reasons, this Court denies plaintiffs' motion for leave to amend their complaint to add the thirteenth cause of action alleged in their proposed amended complaint for violation of 18 U.S.C. § 1962(b). As this proposed cause of action was the only basis for federal subject matter jurisdiction and the removal of the case to this Court, this Court does not have jurisdiction to rule on the remaining motions. This case is hereby remanded to New York State Supreme Court, New York County, for further proceedings.

SO ORDERED.